RONALD ANTHONY PEGUESE

v.

COMMONWEALTH OF VIRGINIA

No. 0934-92-2

Decided November 23, 1993

COUNSEL

Andrea C. Long (David E. Boone; Boone, Beale, Carpenter & Cosby, on brief), for appellant.

Richard B. Smith, Assistant Attorney General (Stephen D. Rosenthal, Attorney General, on brief), for appellee.

OPINION

**BARROW, J.**—The defendant appeals his convictions for possession of cocaine with intent to distribute, possession of a firearm while in simultaneous possession of cocaine, and possession of a firearm by a previously convicted felon. He contends that a pistol found during a search of his person and cocaine found during a later search of his car were illegally seized and, therefore, were not admissible into evidence. We hold that a police officer's suspicion that a passenger in an automobile may have possessed contraband did not provide a reasonable belief that the defendant, who was driving the automobile, was armed and dangerous. The search of the defendant was, therefore, illegal, and the trial court erroneously admitted the gun and the cocaine into evidence.

Having received several complaints of drug activity in a particular area of Richmond, a city police officer began surveillance of the area early one night. Thirty to forty yards away, the officer saw eight to ten young males. The area was illuminated by several porch and street lights, and the officer used binoculars. Twice over the course of an hour, the officer saw individuals approach the group, have a brief conversation with one member of the group, make a hand-to-hand exchange of items too small for the officer to identify, and walk away. The officer noticed that when other police units entered the area where the eight to ten males were standing, they would break up and walk off in separate directions only to reform at their original location after the police left.

After an hour of surveillance, the officer saw the defendant's car stop. The defendant and his passenger left the car and approached the

group. After one to two seconds of conversation, one of the group of men stepped closer, and the passenger took something out of his pocket and handed it to the man. This man then walked around the corner of the building, returning in two to three seconds to hand something back to the passenger. The defendant and the passenger returned immediately to their car and drove off.

Believing he had seen a drug transaction, the officer relayed a description of the vehicle, its occupants and direction, and his suspicion to another officer that "the passenger should be holding the narcotics." The other officer stopped the defendant's car. He approached it and asked the defendant, who was driving, to step out of the car. He then patted the defendant down for weapons and found an automatic pistol in the defendant's left jacket pocket. After arresting the defendant for having a concealed weapon, the patrolman searched the interior of the car and found cocaine. When he searched the defendant incident to his arrest, the officer found approximately ninety-one grams of cocaine.

A motion to suppress evidence of the gun and the cocaine found by the officer was denied. Based on this evidence, the defendant was convicted of the charges and now appeals.

█ "'[I]f there are articulable facts supporting a reasonable suspicion that a person has committed a criminal offense, that person may be stopped in order to identify him, to question him briefly, or to detain him briefly while attempting to obtain additional information.'" *Dixon v. Commonwealth,* 11 Va. App. 554, 556, 399 S.E.2d 831, 832 (1991) (quoting *Hayes v. Florida,* 470 U.S. 811, 816 (1985)). An officer "must have a particularized and objective basis for suspecting the particular person stopped of criminal activity" after assessing the "totality of the circumstances." *Dixon,* 11 Va. App. at 556, 399 S.E.2d at 832 (quoting *United States v. Cortez,* 449 U.S. 411, 417-18 (1981)).

█ "Once a police officer has properly detained a suspect for questioning he may conduct a limited pat-down search for weapons if he reasonably believes that the suspect might be armed and dangerous." *Williams v. Commonwealth,* 4 Va. App. 53, 66, 354 S.E.2d 79, 86 (1987). "[T]he authority to conduct a pat-down search does not automatically accompany an investigative detention"; to justify a search for weapons an officer must be able to "point to particular facts from which he reasonably inferred that the individual was armed and dangerous." *Id.* Factors to be considered in determining whether a pat-

down frisk was valid include "where the stop occurs, the time of the stop, whether late at night or not, as well as any suspicious conduct of the person accosted . . . [and] the character of the offense which the individual is suspected of committing." *Id.* at 67, 354 S.E.2d at 87. " 'It is not unreasonable to suspect that a dealer in narcotics might be armed.' " *Dixon,* 11 Va. App. at 557, 339 S.E.2d at 833 (quoting *United States v. Post,* 607 F.2d 847, 851 (9th Cir. 1979)).

Although the defendant was convicted of possessing cocaine with intent to distribute, the officer, at the time he stopped the defendant, had no reason to suspect that the defendant was a dealer in narcotics. He knew only that the defendant was driving a car with a passenger who, minutes earlier, may have purchased a controlled substance. The officer had no further information upon which to suspect that the defendant was armed. Driving an automobile in the company of one who may possess an unidentified controlled substance does not provide a reasonable basis upon which to conclude that one is armed and dangerous. *See Thompson v. Commonwealth,* 16 Va. App. 478, 484, 431 S.E.2d 72, 76 (1993); *In the Interest of F.R., a Minor,* 209 Ill. App. 3d 274, 280, 568 N.E.2d 133, 137 (1991). Therefore, the search of the defendant was illegal.

For these reasons, we conclude that the trial court erred in admitting evidence of the gun and cocaine. The judgment of conviction is, therefore, reversed and dismissed.

*Reversed and dismissed.*

Benton, J., and Coleman, J., concurred.