## Alexandria

ALEXANDER MEJIA

V.

COMMONWEALTH OF VIRGINIA

No. 1937-92-4

Decided February 22, 1994

COUNSEL

Gary H. Smith, for appellant.

Eugene Murphy, Assistant Attorney General (Stephen D. Rosenthal, Attorney General; Michael T. Judge, Assistant Attorney General, on brief), for appellee.

OPINION

**FITZPATRICK, J.**—Alexander Mejia (appellant) was convicted of possession with intent to distribute cocaine in violation of Code § 18.2-248. On appeal, appellant contends that the trial court erred in failing to suppress cocaine seized from him on the ground that it was discovered as the result of an illegal search of his person. We agree with appellant and reverse the conviction.

## BACKGROUND

On January 30, 1992 at approximately 10:30 p.m., Alexandria Police Officer Reginald Banks, driving a marked police car, saw appellant standing with a group of teenagers near a bus stop at the intersection of Duke and French Streets in Alexandria. Officer Banks testified that when he drove past appellant he "saw what possibly could have been a weapon [protruding from appellant's waistband]. . . . [I]t appeared to be some type of a silver object. [He] couldn't get a real clear look at it."

Officer Banks turned his vehicle around and stopped near the group of teenagers to investigate. He remained in his police car and called

out to appellant "come here." Appellant obeyed and approached the driver's side of the police car. Appellant paused next to the cruiser and placed his leg against the driver's side door, which prevented Officer Banks from exiting the vehicle. Officer Banks testified that "[a]t that time, [his] window was rolled down. [He] grabbed [appellant's] coat from through the window and [he] pushed the car door open."

After exiting his cruiser and having already seized appellant, Officer Banks then observed an open beer bottle in appellant's pocket. Officer Banks confiscated the bottle and placed it on the hood of the police car. He told appellant that he was going to write him a summons for possessing an open container of beer. However, appellant would not cooperate and kept "fidgeting" and placing his hands inside his pockets. Fearing that appellant possessed a weapon, Officer Banks began a pat-down search. However, he was unable to complete the procedure because appellant continued to fidget and pull away. Officer Banks then observed appellant pull a black container out of his right pocket and throw it into a grassy area approximately ten to fifteen feet away. After noting where the container landed, Officer Banks completed searching appellant and placed him in the back of the police cruiser. Officer Banks then located the container, opened it and discovered a quantity of cocaine. After field-testing the suspected cocaine, appellant was placed under arrest.

The trial court, in ruling on appellant's motion to suppress, held:

As I indicated earlier, I don't think that when the police officer searched — first observed the [appellant] that he had suspicion or reasonable suspicion to believe that a crime had been committed or that the [appellant] was armed and dangerous.

That certainly was not born out by the facts that he testified to and that's all that I can rely upon at this time, are the facts as related to the Court by the witness. However, the Court does find that the police officer had a right to ask [appellant] to come over to the cruiser.

And, upon seeing that he was in possession of alcohol and based upon what he had observed earlier, the Court finds that it was reasonable for him to pat down the [appellant] for his own protection.

Now, the Court finds no unreasonable conduct on the part of the police officer and the Motion to Suppress is denied.

## STANDING TO ARGUE FOURTH AMENDMENT VIOLATION

As a threshold matter, the Commonwealth argues that appellant lacks standing to challenge Officer Banks' search of the plastic container of cocaine, because appellant denied owning or possessing the container. We find the Commonwealth's argument on this issue without merit.

In order to obtain protection against unreasonable searches and seizures, appellant bears the burden of proving that he has standing to assert the constitutional right. . . . "[D]efendants charged with crimes of possession may only claim the benefits of the exclusionary rule if their own Fourth Amendment rights have in fact been violated." "Fourth Amendment rights are personal rights which . . . may not be vicariously asserted." The test is whether the appellant objectively had a reasonable expectation of privacy at the time and place of the disputed search. In making the analysis the court looks to the "totality-of-the-circumstances."

*McCoy v. Commonwealth*, 2 Va. App. 309, 311, 343 S.E.2d 383, 384-85 (1986) (citations omitted).

■ We agree with appellant that the sole issue presented in this appeal is whether Officer Banks' encounter with appellant constituted a legal (or reasonable) seizure or search of appellant. If the officer's actions constituted an unreasonable seizure, appellant's action in throwing away the container following the illegal seizure would not constitute a voluntary abandonment. *Moss v. Commonwealth*, 7 Va. App. 305, 309, 373 S.E.2d 170, 172 (1988). Thus, based upon the officer's testimony that appellant had the item when grabbed, we conclude that appellant had standing to challenge the validity of the search because, "the disputed search and seizure . . . infringed an interest of the [appellant] which the Fourth Amendment was designed to protect." *Wells v. Commonwealth*, 6 Va. App. 541, 549, 371 S.E.2d 19, 23 (1988) (quoting *Rakas v. Illinois*, 439 U.S. 128, 140 (1978)).

## SEIZURE OF APPELLANT

The Commonwealth concedes that when Officer Banks reached through the police car's window and grabbed appellant's coat, appellant was seized within the meaning of the Fourth Amendment to the United States Constitution. The Commonwealth, however, argues that

Officer Banks' conduct "was justified, out of concern for his own physical safety," and that the seizure of appellant was not unreasonable. We disagree.

On appeal, appellant has the burden to show, considering the evidence in the light most favorable to the Commonwealth, that the denial of a motion to suppress constitutes reversible error. *Fore v. Commonwealth*, 220 Va. 1007, 1010, 265 S.E.2d 729, 731, *cert. denied*, 449 U.S. 1017 (1980). It is well settled that police officers may approach a person for the purpose of investigating possible criminal behavior even though no probable cause exists for arrest. *See Leeth v. Commonwealth*, 223 Va. 335, 340, 288 S.E.2d 475, 478 (1982); *Williams v. Commonwealth*, 4 Va. App. 53, 65, 354 S.E.2d 79, 85-86 (1987).[1] In *Terry v. Ohio*, 392 U.S. 1 (1968), the United States Supreme Court "held that whether the stop was justified is dependent upon whether 'the facts available to the officer *at the moment of the seizure* or the search [would] "warrant a man of reasonable caution in the belief" that the action was appropriate.'" *Quigley v. Commonwealth*, 14 Va. App. 28, 32, 414 S.E.2d 851, 853-54 (1992) (quoting *Terry*, 392 U.S at 21-22).

In the case at bar, the trial court properly found that Officer Banks did *not* have a reasonable suspicion "that a crime had been committed or that the [appellant] was armed and dangerous," *until* the officer saw appellant in possession of an open container of alcohol. The Commonwealth's evidence establishes that the officer did not see the alcohol until after he had grabbed appellant's coat through the window and exited the police car. On direct examination, Officer Banks testified as follows:

THE COMMONWEALTH:    [H]ow did you manage to get out of the car?

---

[1] In addition, police officers have statutory authority to conduct investigative stops pursuant to Code § 19.2-83, which provides:

> Any police officer may detain a person in a public place whom he reasonably suspects is committing, has committed or is about to commit a felony or possesses a concealed weapon in violation of § 18.2-308, and may require of such person his name and address. Provided further, that such police officer may, if he reasonably believes that such person intends to do him bodily harm, search his person for a dangerous weapon, and if such person is found illegally to possess a dangerous weapon, the police officer shall take possession of the same and dispose of it as is provided by law.

OFFICER BANKS: At that time, my window was rolled down. I grabbed Mr. Mejia's coat from through the window and I pushed the car door open.

THE COMMONWEALTH: And did you get out of the vehicle at that point?

OFFICER BANKS: Yes, I did.

THE COMMONWEALTH: And when you did that what, if anything, did you see?

OFFICER BANKS: At that time, I saw a beer bottle in his right coat pocket — an open beer bottle.

The United States Supreme Court has explained that, for purposes of the Fourth Amendment:

> [A] person is "seized" only when, *by means of physical force* or a show of authority, his freedom of movement is restrained. Only when such restraint is imposed is there any foundation whatever for invoking constitutional safeguards. The purpose of the Fourth Amendment is not to eliminate all contact between the police and the citizenry, but "to prevent arbitrary and oppressive interference by enforcement officials with the privacy and personal security of individuals." As long as the person to whom questions are put remains free to disregard the questions and walk away, there has been no intrusion upon that person's liberty or privacy as would under the Constitution require some particularized and objective justification. . . .
>
> We conclude that a person has been "seized" within the meaning of the Fourth Amendment only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave. Examples of circumstances that might indicate a seizure, even where the person did not attempt to leave, would be the threatening presence of several officers, the display of a weapon by an officer, *some physical touching of the person of the citizen,* or the use of language or tone of voice indicating that compliance with the officer's request might be compelled.

*United States v. Mendenhall,* 446 U.S. 544, 553-54 (1980) (emphasis added) (footnote and citations omitted). The Commonwealth concedes

and the evidence shows that appellant was seized when Officer Banks reached through the window of his police car and grabbed appellant's coat.[2] *See Moss*, 7 Va. App. at 307, 373 S.E.2d at 171-72 (a "seizure" occurs "whenever a police officer accosts an individual and restrains his freedom to walk away"). Further, that seizure was not within the scope of *Terry* or Code § 19.2-83, because the officer's actions were not based on a reasonable suspicion of criminal activity or dangerousness. Accordingly, the dispositive issue in this appeal is whether the seizure of appellant was justified by his conduct of leaning his leg against the door of the police car, which hindered the officer's ability to exit.

The evidence shows that Officer Banks called to appellant, through the open driver's window, to come over to the police car. Appellant complied with this request by approaching the driver's door of the police car. The officer testified that he believed he "wasn't able to get out" while appellant was standing at the door. However, the officer never asked appellant to step back prior to grabbing appellant's coat. We recognize that an officer conducting an investigative stop "is authorized to take such steps as [are] reasonably necessary to protect [his] personal safety and to maintain the status quo during the course of the stop." *United States v. Hensley*, 469 U.S. 221, 235 (1985); *see also Servis v. Commonwealth*, 6 Va. App. 507, 519, 371 S.E.2d 156, 162 (1988). We will not, however, extend this principle to situations where a police officer commands an individual to do a specified act or move to a specified location, and then relying on the *sole* fact that the individual complied with the command, allow the officer to then seize him without having attempted a less intrusive alternative or explaining why such less intrusive means were impractical.

We find Officer Banks' seizure of appellant constitutionally unreasonable and, therefore, the trial court erred in failing to suppress the evidence seized as a result of this illegal detention. Accordingly, the judgment of the trial court is reversed, and the matter is remanded for further proceedings consistent with this opinion, if the Commonwealth be so advised.

*Reversed and remanded.*

Benton, J., and Elder, J., concurred.

---

[2] Because this case can be resolved based on the Commonwealth's concession, we need not decide whether appellant was seized when he complied with the officer's directive to "come here." *See Motley v. Commonwealth*, 17 Va. App. 439, 437 S.E.2d 232 (1993).