## Richmond

RONALD ANTHONY PEGUESE

v.

COMMONWEALTH OF VIRGINIA

No. 0934-92-2

Decided December 6, 1994

COUNSEL

David E. Boone (Andrea C. Long; Boone, Beale, Carpenter & Cosby, on brief), for appellant.

Richard B. Smith, Assistant Attorney General (James S. Gilmore, III, Attorney General, on brief), for appellee.

## UPON A REHEARING EN BANC

OPINION

FITZPATRICK, J.—On November 23, 1993, a panel of this Court reversed the convictions of Ronald Anthony Peguese (appellant) for possession of cocaine with intent to distribute, possession of a firearm while in possession of cocaine, and possession of a firearm by a convicted felon. The panel held that the search of the driver was illegal because "[d]riving an automobile in the company of one who may possess an unidentified controlled substance does not provide a reasonable basis upon which to conclude that one is armed and dangerous." *See Peguese v. Commonwealth*, 17 Va. App. 368, 371, 437 S.E.2d 574, 576 (1993). The Commonwealth's petition for rehearing *en banc* was granted on April 25, 1994, and the mandate of the November 23, 1993 opinion was stayed. Upon a rehearing *en banc* on September 22, 1994, we affirm the judgment of the trial court and order that the mandate of the November 23, 1993 opinion be vacated.

Responding to complaints of drug activity, Officer Bayne (Bayne) of the Richmond City Police Department began a drug surveillance on the evening of December 5, 1991. Thirty to forty yards away from where he was positioned, Bayne saw eight to ten young males. The area was illuminated by several porch and street lights, and Bayne used binoculars. Twice over the course of an hour, Bayne saw individuals approach the group, have a brief conversation with one member of the group, make a hand-to-hand exchange of items too small for Bayne to identify, and walk away. Bayne noticed that when other police units entered the area, the group dispersed and regathered after the police left. The group

was standing in the exact spot at which Bayne had made previous drug arrests.

After an hour of surveillance, Bayne saw appellant's car stop near the group. Appellant and his passenger, Eugene Abernathy (Abernathy), left the car and approached the group. Abernathy took something out of his pocket and handed it to one of the men. This man then walked around the corner of the building, returning in two to three seconds to hand something back to Abernathy. Appellant and Abernathy returned to the car and drove away.

Believing he had witnessed a drug transaction, Bayne relayed a description of the vehicle, its occupants and direction, and his suspicion to Officer Misiano (Misiano). Bayne told Misiano that "they had just completed a drug transaction and he wanted that vehicle stopped." He also told him that "the passenger should be holding the narcotics." Misiano stopped the vehicle, asked appellant to step out of the car, and patted him down for weapons. Misiano found an automatic pistol and cocaine on appellant's person.

The trial court denied appellant's motion to suppress the gun and cocaine. Appellant then entered a conditional guilty plea and was convicted.

■ In certain circumstances, " 'a police officer may . . . approach a person for purposes of investigating possibly criminal behavior even though there is no probable cause to make an arrest.' " *Lansdown v. Commonwealth*, 226 Va. 204, 209, 308 S.E.2d 106, 110 (1983) (quoting *Terry v. Ohio*, 392 U.S. 1, 22 (1968)), *cert. denied*, 465 U.S. 1104 (1984). "[I]n justifying the particular intrusion the police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Id.* (citation omitted). If the officer suspects that the person "may be armed and presently dangerous," the officer may conduct a limited pat-down search for weapons. *Id.* (citation omitted).

■ In deciding whether to make a stop or effect a pat-down search, an officer is "entitled to rely upon 'the totality of the circumstances—the whole picture.' " *Id.* at 212, 308 S.E.2d at 112 (citations omitted). The totality of the circumstances includes

"the character of the offense." *Williams v. Commonwealth*, 4 Va. App. 53, 67, 354 S.E.2d 79, 87 (1987). In *Williams*, this Court held that "suspicion of narcotics possession and distribution . . . gives rise to an *inference of dangerousness.*" *Id.* (emphasis added). The officers in *Williams* had no information that Williams was violent or armed. The protective pat-down search was upheld because it was reasonable "in light of the fact that [the officers] had a reasonable suspicion that Williams was presently engaged in narcotics distribution." *Id.*

In *Lansdown*, the Supreme Court expressly rejected the passenger-driver distinction.

> [T]he possible danger to the officer would have been just as great from an armed passenger as from an armed driver. The law does not expect that a police officer must gamble on turning away from a possible danger and chance taking a bullet in the back merely because of the status of a vehicle's occupants.

*Lansdown*, 226 Va. at 212, 308 S.E.2d at 111. We upheld an officer's actions in searching the passenger of a vehicle because of what the officer knew about the driver. *Pryor v. Commonwealth*, 17 Va. App. 117, 118-19, 435 S.E.2d 417, 418-19 (1993) (en banc). Like the instant case, *Pryor* involved a stop and frisk of the companion of a suspected drug dealer. *Id.*

We hold that the initial stop of the vehicle was a valid *Terry* stop. Bayne saw appellant with Abernathy when Abernathy made a suspected drug buy. Appellant was the "wheel man" who drove Abernathy both to and from the transaction. Clearly, the limited intrusion of a *Terry* stop was warranted under the circumstances of this case.

The search of appellant for weapons was also valid. Bayne observed appellant present at what appeared to be a drug buy. Various facts support Bayne's conclusion that a drug buy occurred: (1) complaints of drug activity in that particular area, (2) Bayne's own surveillance of several apparent drug transactions with this group of men, (3) observed behavior of the men who dispersed when other police units approached the location, (4) the actual exchange between the men and Abernathy, and (5) Bayne's experience as a narcotics officer, who had made several drug-related

arrests in this exact location. Bayne and Misiano reasonably concluded that because of appellant's proximity to the buy and because of his association with Abernathy, appellant was a participant in the transaction and possibly armed and dangerous. Appellant's connection with the transaction gave rise to an "inference of dangerousness," and the pat-down search was valid.

Accordingly, the judgment of the trial court is affirmed.

*Affirmed.*

Moon, C.J., Baker, J., Koontz, J., Willis, J., Elder, J., and Bray, J., concurred.

Barrow, J., with whom Benton, J., and Coleman, J., join, dissenting.

A police officer's authority to search a person for weapons during a *Terry* stop is "narrowly drawn . . . to permit a reasonable search for weapons for the protection of the police officer, where he has reason to believe that he is dealing with an armed and dangerous individual." *Harris v. Commonwealth*, 241 Va. 146, 149, 400 S.E.2d 191, 193 (1991). Such a search must be based on "specific reasonable inferences which [the officer] is entitled to draw from the facts in light of his experience." *Id.* The only fact upon which the officer's search in this case could have been based was the suspicion that the passenger in the car driven by the defendant may have just purchased a controlled substance. This fact, in my opinion, did not permit the officer reasonably to infer that the defendant was armed and dangerous.

Even if a reasonable basis existed for suspecting that the passenger possessed a controlled substance, that suspicion, while sufficient to justify a stop of the automobile, did not justify a search of the defendant. An investigative stop does not, without more, justify a search of the person stopped. *Sibron v. New York*, 392 U.S. 40, 64 (1968); *Ybarra v. Illinois*, 444 U.S. 85, 93-94 (1979); *Harris v. Commonwealth*, 241 Va. at 151, 400 S.E.2d at 194; *Williams v. Commonwealth*, 4 Va. App. 53, 66, 354 S.E.2d 79, 86 (1987).

Something more is needed to permit a reasonable inference that the person stopped is armed and dangerous. *See Williams*, 4 Va. App. at 67, 354 S.E.2d at 87. In this case, the only "something

more" is the suspicion that the passenger in the car possessed a controlled substance. We know little more of significance. We do not know the " 'characteristics of the area' where the stop" occurred. *Id.* We are advised of no "suspicious conduct of the person accosted such as an obvious attempt to avoid officers or any nervous conduct on the discovery of their presence." *Id.* We do not know the nature of the controlled substance the officer suspected the passenger acquired. We know only that the stop occurred at approximately 9:30 p.m.

The majority concludes that a police officer may reasonably believe that one is armed and dangerous from one's presence at a suspected drug transaction and the suspicion that one's companion possesses an unknown controlled substance. Existing law does not, in my opinion, extend so far. Therefore, I would reverse the conviction and remand the proceeding for a new trial.