COURT OF APPEALS OF VIRGINIA

Present: Judges Baker, Willis and Bray
Argued at Norfolk, Virginia


TIMOTHY M. JONES
                                        OPINION BY
v.        Record No. 0606-96-1    JUDGE JERE M. H. WILLIS, JR.
                                        APRIL 15, 1997
COMMONWEALTH OF VIRGINIA

            FROM THE CIRCUIT COURT OF YORK COUNTY
                 N. Prentis Smiley, Jr., Judge

        Damian T. Horne (Horne, West & McMurtrie,
        P.C., on brief), for appellant.

        John K. Byrum, Jr., Assistant Attorney
        General (James S. Gilmore, III, Attorney
        General, on brief), for appellee.


     Timothy M. Jones was convicted of possession of cocaine.  On

appeal, he contends that the trial court erred in denying his

motion to suppress the evidence.  Specifically, he argues that

the police officers lacked reasonable suspicion that criminal

activity was afoot when they stopped his car.

     On the afternoon of July 14, 1995, Gloucester County Deputy

Sheriff Hicks and Investigator Jones were on patrol in a white,

unmarked Ford Bronco.  A compact car driven by Jones approached

them from behind at a high speed.  As Jones' car came alongside

the Bronco, the passenger in the front seat of the car motioned

to two others in the rear.  They all looked at the two officers

and one man gestured as though he were shooting a gun.  Jones'

car then took position immediately behind and to the right of the

officers' Bronco, and remained there.  Although the officers

accelerated to seventy miles per hour and slowed to fifty miles per hour, Jones maintained a constant position, refusing to pass and staying behind and to the right of the Bronco. At a stoplight, Jones maintained this position rather than stopping alongside the Bronco. The vehicles proceeded in this fashion for twenty-five minutes. Hicks concluded that Jones sought to ensure that his car "was always at an advantage to [Hicks'] vehicle."

Three weeks earlier, a confidential informant had told the Gloucester County Sheriff's Department of a "contract" to murder Hicks and Jones in retaliation for a prior arrest. Hicks stated that several informants had confirmed the existence of the contract and had reported that money had been paid for this purpose. Hicks also testified that Jones "looked very familiar to one of the ones that [they] arrested [in the incident that gave rise to the contract on him and Jones.]"

Hicks and Jones decided to "follow-up" on the reported contract and to identify the persons in the vehicle. Upon entering York County, they obtained assistance from York County officers, who stopped Jones' vehicle. Investigator Donnelly obtained consent to search Jones for drugs and weapons and discovered a pipe containing crack cocaine. Jones was then arrested for possession of cocaine.

Jones has the burden of demonstrating that the trial court's ruling on the motion to suppress constituted reversible error. Fore v. Commonwealth, 220 Va. 1007, 1010, 265 S.E.2d 729, 731

(1980). Generally on appeal, determinations of reasonable suspicion and probable cause are examined de novo. However, we review the trial court's findings of historical fact only for clear error, and grant due weight to inferences derived from those facts by the trial judge and police officers. James v. Commonwealth, 22 Va. App. 740, 743, 473 S.E.2d 90, 91 (1996) (citing Ornelas v. United States, 116 S. Ct. 1657 (1996)).

Jones contends that the police officers lacked a reasonable suspicion, supported by objective facts, warranting the investigatory stop of his vehicle. He cites Bethea v. Commonwealth, 245 Va. 416, 429 S.E.2d 211 (1993), for the proposition that gestures and erratic driving patterns are not, by themselves, sufficient to provide a reasonable suspicion of criminal activity. His reliance on Bethea is misplaced.

In Bethea, police officers in an unmarked police vehicle observed Bethea, a passenger in a passing car, making faces at them, which "startled" and "scared" one officer. Id. at 417, 429 S.E.2d at 212. The officers then stopped the vehicle for a traffic infraction. They ordered Bethea out of the vehicle and frisked him. Id. at 417-18, 429 S.E.2d at 212. The question before the Supreme Court concerned the constitutional validity of the police officer's demand that a passenger (Bethea) step out of the vehicle. Based partly upon Bethea's actions prior to the stop, the Supreme Court found that the totality of the circumstances, including the safety of the officer, supported the

requirement that Bethea exit the vehicle.  Id. at 420, 429 S.E.2d at 213.  See Bethea v. Commonwealth, 14 Va. App. 474, 478, 419 S.E.2d 249, 251-52 (1992), aff'd, 245 Va. 416, 429 S.E.2d 211 (1993) (discussing state's "legitimate and weighty" interest in the protection of police officers).  Because the officers had stopped the vehicle lawfully due to a traffic infraction, the Supreme Court did not consider whether Bethea's actions alone would have provided a reasonable and articulable suspicion supporting the stop of the vehicle.

"A police officer may stop the driver or occupants of an automobile for investigatory purposes if the officer has 'a reasonable articulable suspicion, based upon objective facts, that the individual is involved in criminal activity.'"  Freeman v. Commonwealth, 20 Va. App. 658, 660-61, 460 S.E.2d 261, 262 (1995) (quoting Jacques v. Commonwealth, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991)).  See Mejia v. Commonwealth, 17 Va. App. 749, 753, 441 S.E.2d 41, 43 (1994).  "To determine whether an officer has articulated a reasonable basis to suspect criminal activity, a court must consider the totality of the circumstances, including the officer's knowledge, training, and experience."  Freeman, 20 Va. App. at 661, 460 S.E.2d at 262 (citing Murphy v. Commonwealth, 9 Va. App. 139, 144, 384 S.E.2d 125, 128 (1989)).  See also Jackson v. Commonwealth, 22 Va. App. 347, 353-54, 470 S.E.2d 138, 141 (1996); Logan v. Commonwealth, 19 Va. App. 437, 441, 452 S.E.2d 364, 367 (1994).

Viewing the totality of the circumstances in this case, we conclude that the officers had a reasonable and articulable suspicion that criminal activity was afoot.  The unprovoked harassment and intimidation directed by Jones and his passengers at the police officers created a traffic hazard and a potentially dangerous situation.  Jones' erratic driving, coupled with the gestures of the passengers and the threats reported to the officers, gave rise to a particularized and reasonable suspicion of criminal conduct and authorized an investigatory stop to identify Jones and his passengers and to question them regarding their conduct.  See Quigley v. Commonwealth, 14 Va. App. 28, 33, 414 S.E.2d 851, 854 (1992); Peguese v. Commonwealth, 17 Va. App. 368, 370, 437 S.E.2d 574, 576 (1993).  Accordingly, the trial court correctly refused to suppress the evidence obtained during the investigatory stop.

The judgment of the trial court is affirmed.

Affirmed.