## CIRCUIT COURT OF THE CITY OF ROANOKE

Commonwealth of Virginia

v.

Rashad Ramon Webb

June 3, 2003

Case No. CR03-464

BY JUDGE CHARLES N. DORSEY

This matter came on upon the defendant's motion to suppress the results of a search. The essential facts are not in dispute and the nuances of the factual background are not significant. Essentially stated, Officer Abrams observed the defendant seated as a passenger in a parked automobile. There was also a driver present in the automobile. Officer Abrams mistakenly believed, at a distance, that the defendant was a person for whom he had lawful process. The officer approached the vehicle and, as he came closer, realized that the defendant was not, in fact, the person whom he had thought. At that time, however, the officer smelled the odor of marijuana emanating from the vehicle. The officer directed that the driver place his hands on the steering wheel where they could be observed and further directed the defendant passenger, on whose side of the vehicle the officer was located, to get out of the vehicle. The officer then conducted a pat down search of the defendant which resulted in his finding cocaine. The officer testified that he identified the cocaine immediately upon feeling it during the pat down search. Both parties either explicitly or implicitly concede that there was probable cause for the officer to search the

vehicle. The defendant contends, however, that the officer must have an articulable rationale of dangerousness to search the defendant.

## Analysis

Both counsel are experienced criminal law litigators, and there is no need to discuss the foundational concepts of the Fourth Amendment. Both parties concede, as earlier stated, that there was probable cause to search the vehicle. Even had the parties not so conceded, it is clear that a police officer smelling the odor of marijuana has probable cause to search the vehicle. *See, Braxton v. Matthews*, 883 F. Supp. 1068 (S.D. W. Va. 1995); *United States v. Haynie*, 637 F.2d 227 (4th Cir. 1980); and *Robinson v. Commonwealth*, 2002 Va. App. LEXIS 317, 02 VapUNP 168 0012 (2002).

Notwithstanding the officer's probable cause to search the vehicle, the issues are: (1) whether the officer had the right to search either of the occupants of the vehicle and (2) subsumed within that inquiry, whether the officer had the right to search the passenger rather than the driver.

One of the well established exceptions to the requirements of the Fourth Amendment to the United States Constitution is what is commonly referred to as a "Terry stop" recognized in *Terry v. Ohio*, 392 U.S. 1, 20 L. Ed. 2d. 889, 88 S. Ct. 1868 (1968), which permitted a police officer observing unusual conduct that reasonably led him to conclude that there may be criminal activity to briefly stop the suspicious person and make reasonable inquiry aimed at confirming or dispelling the officer's suspicions. *Terry* further held that when an officer was justified in believing that the individual so detained was armed and presently dangerous to the officer or others, the officer could conduct a pat down search to determine whether the suspicious person was carrying a weapon. Such a protective search may be based on reasonable suspicion rather than probable cause and is strictly limited to the discovery of weapons that might be used to harm the officer or others nearby. Consequently, even without probable cause to make an arrest, in certain circumstances, a police officer may approach a person for purposes of investigating possible criminal behavior. *Peguese v. Commonwealth*, 19 Va. App. 349, 451 S.E.2d 412 (1994).

The encounter between the officer and the defendant was nonconsensual. Pursuant to *Terry*, in order to justify any resultant seizure, the defendant is correct that the officer must have had a "reasonable and articulable suspicion of criminal activity on the part of the defendant and an objectively reasonable

basis to fear for his safety." *Hatcher v. Commonwealth*, 14 Va. App. 487, 419 S.E.2d 256 (1992) (citation omitted).

Having noted that the officer was justified, due to the odor of marijuana, and believing that the individuals were in engaged in criminal activity, the officer was further authorized in ordering the defendant passenger to exit a lawfully stopped vehicle. *Maryland v. Wilson*, 519 U.S. 408, 117 S. Ct. 882, 137 L. Ed. 2d. 41 (1997).

The accuracy of the officer's actions thus far having been confirmed, the remaining issue is whether he was then authorized to conduct a pat down search for weapons and, if so, whether the cocaine that was subsequently seized was in accord with the directives of *Minnesota v. Dickerson*, 508 U.S. 366, 124 L. Ed. 2d 334, 113 S. Ct. 2130 (1993).

The defendant correctly notes that the officer may then conduct a limited "pat down" search for weapons only if he reasonably suspects the person to be armed and presently dangerous. The defendant contends there is no such evidence here. However, a reasonable suspicion of the presence of illegal drugs, without more, may give rise to a concern for the presence of guns and permit the officer to pat down the occupants of the vehicle for weapons to insure the officer's safety. *See, Peguese v. Commonwealth*, 19 Va. App. 349, 451 S.E.2d 412 (1994); *United States v. Sakyi*, 160 F.3d 164 (4th Cir. 1998); *Logan v. Commonwealth*, 29 Va. App. 353, 512 S.E.2d 160 (1999); and *Williams v. Commonwealth*, 4 Va. App. 53, 354 S.E.2d 79 (1987). *See also, Florida v. J. L.*, 529 U.S. 266, 146 L. Ed. 2d 254, 120 S. Ct. 1375 (2000).

Implicit within the same issue is whether the officer acted reasonably in directing the passenger, rather than the driver, to exit the vehicle and submit to a pat down search. That distinction has been expressly rejected inasmuch as, "the possible danger to the officer would have been just as great from an armed passenger as from an armed driver. The law does not expect that a police officer must gamble on turning away from a possible danger and chance taking a bullet in the back merely because of the status of a vehicle's occupants." *See, Lansdown v. Commonwealth*, 226 Va. 204, 308 S.E.2d 106 (1983), cert. denied, 465 U.S. 1104 (1984).

Consequently, finding that the stop and detention of the vehicle was a valid Terry stop, and that the officer had a reasonable suspicion necessary to frisk the defendant for weapons, the only remaining issue is whether the ensuing search met the confines of *Minnesota v. Dickerson*. In *Dickerson*, the United States Supreme Court determined that any further searching after a Terry stop pat down revealed that the defendant was not in possession of weapons, was

unconstitutional and did not fall within any exception to the warrant requirement. Here, however, the officer did not conduct any further search but immediately, upon touching the object that was later determined to be cocaine, determined that the object was an illegal substance. The officer's credibility was not challenged nor was there any doubt from the Court's observance of his testimony that he was not using a legitimate Terry stop and pat down as a pretext in violation of *Minnesota v. Dickerson.*

Consequently, the defendant's motion to suppress is denied for the reasons stated.