COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Felton and Senior Judge Willis


DAVID SMITH, JR.
                                              MEMORANDUM OPINION* BY
v.       Record No. 1947-03-1                 JUDGE JERE M.H. WILLIS, JR.
                                                    MAY 25, 2004
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF NORTHAMPTON COUNTY
Glen A. Tyler, Judge

(A. Theresa Bliss, on brief), for appellant.  Appellant submitting on
brief.

(Jerry W. Kilgore, Attorney General; Alice T. Armstrong, Assistant
Attorney General, on brief), for appellee.  Appellee submitting on
brief.


The trial court convicted David Smith, Jr. of possession of

methylenedioxymethamphetamine, a Schedule I drug, in violation of Code § 18.2-250, and

possession of marijuana, in violation of Code § 18.2-250.1.  On appeal, he contends the trial

court erred in denying his motion to suppress the evidence obtained as a result of an illegal

seizure and subsequent search of his person.  We affirm the judgment of the trial court.

"In reviewing a trial court's denial of a motion to suppress, '[t]he burden is upon [the

defendant] to show that th[e] ruling, when the evidence is considered most favorably to the

Commonwealth, constituted reversible error.'"  McGee v. Commonwealth, 25 Va. App. 193,

197, 487 S.E.2d 259, 261 (1997) (*en banc*) (citation omitted).  While we are bound to review *de

novo* the ultimate questions of reasonable suspicion and probable cause, we "review findings of

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

historical fact only for clear error[1] and . . . give due weight to inferences drawn from those facts by resident judges and local law enforcement officers." Ornelas v. United States, 517 U.S. 690, 699 (1996) (footnote added).

> The Fourth Amendment prohibits only unreasonable searches and seizures. "Reasonableness is judged from the perspective of a reasonable officer on the scene allowing for the need of split-second decisions and without regard to the officer's intent or motivation." An officer is entitled to view the circumstances confronting him in light of his training and experience, and he may consider any suspicious conduct of the suspected person.

James v. Commonwealth, 22 Va. App. 740, 745, 473 S.E.2d 90, 92 (1996) (citations omitted).

On November 1, 2002, Smith was riding in the backseat of a car stopped for a traffic infraction. Police discovered that the driver possessed marijuana, packaged in ten smaller units. The driver and the front seat passenger, who was the owner, were then outside the car. Smith and Ronald Paschal remained in the backseat. The owner gave permission for a search of the car.

Officer Hickman, who made the stop, began talking with Paschal and noticed him trying to hide several white pills in his hand. Hickman tried to take the pills, and Paschal tried to give them to Smith. Hickman struggled with Paschal and ultimately sprayed Paschal with pepper spray. Hickman called for Officer Kinney to help. Kinney opened the left rear car door just after Hickman used the pepper spray. Kinney saw Hickman struggling with Paschal. He told Smith three times to show his hands. Smith failed to comply. Kinney grabbed Smith's left wrist and put him in a wristlock. He forcibly removed Smith from the car, put him on the ground, and handcuffed him. Kinney later recovered a baggie containing drugs from the area where Smith had lain. The ground had been clear before Kinney placed Smith there.

---

[1] "In Virginia, questions of fact are binding on appeal unless 'plainly wrong.'" McGee, 25 Va. App. at 198 n.1, 487 S.E.2d at 261 n.1 (citations omitted).

"The Fourth Amendment does not proscribe all seizures, only those that are unreasonable. Whether a seizure is unreasonable is determined by balancing the individual's right to be free from arbitrary government intrusions against society's countervailing interest in preventing or detecting crime and in *protecting its law enforcement officers*." Welshman v. Commonwealth, 28 Va. App. 20, 30, 502 S.E.2d 122, 126-27 (1998) (emphasis added). See also Harrell v. Commonwealth, 30 Va. App. 398, 403, 517 S.E.2d 256, 258 (1999) (citing Sattler v. Commonwealth, 20 Va. App. 366, 368, 457 S.E.2d 398, 399-400 (1995)). "The validity of a seizure 'turns on an objective assessment of the officer's actions in light of the facts and circumstances confronting him *at the time*.'" Hamlin v. Commonwealth, 33 Va. App. 494, 499, 534 S.E.2d 363, 365 (2000) (quoting Maryland v. Macon, 472 U.S. 463, 470-71 (1985)) (emphasis added).

"[A]n officer making a traffic stop may order passengers to get out of the car pending completion of the stop." Maryland v. Wilson, 519 U.S. 408, 415 (1997). See also Alston v. Commonwealth, 40 Va. App. 728, 742, 581 S.E.2d 245, 252 (2003). Simply put, "[t]he law does not expect that a police officer must gamble on turning away from a possible danger and chance taking a bullet in the back merely because of the status of a vehicle's occupants." Peguese v. Commonwealth, 19 Va. App. 349, 352, 451 S.E.2d 412, 413-14 (1994) (citations omitted). See also Wilson, 519 U.S. at 413 ("the same weighty interest in officer safety is present regardless of whether the occupant of the car stopped is a driver or passenger"); United States v. Sakyi, 160 F.3d 164, 169 (4th Cir. 1998) (after a lawful traffic stop, in the absence of factors allaying officer's safety concerns he may order occupants out of vehicle and conduct a pat-down search for weapons). Moreover, "an officer is entitled to rely upon the totality of the circumstances – the whole picture." Peguese, 19 Va. App. at 351, 451 S.E.2d at 413.

Kinney faced a situation in which drugs had been discovered, and in which the other backseat passenger was struggling with Hickman. When Smith refused to show his hands, Kinney reasonably concluded that Smith was a risk to his and Hickman's safety. He acted appropriately in removing Smith from the car and restraining him. The discovery of the contraband on Smith's person resulted from that removal and restraint. Accordingly, the trial court did not err in denying the motion to suppress.

The judgment of the trial court is affirmed.

<u>Affirmed.</u>