COURT OF APPEALS OF VIRGINIA

Present:    Judges Huff, O'Brien and Senior Judge Frank
Argued by teleconference

UNPUBLISHED

RASHAD DEMOND HOLMES

v.        Record No. 1161-19-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
JUDGE MARY GRACE O'BRIEN
MAY 12, 2020

FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
Gary A. Mills, Judge

Andrew S. Gordon, Senior Trial Attorney (Newport News Public
Defender's Office, on brief), for appellant.

Eugene Murphy, Senior Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.

Following a bench trial, Rashad Demond Holmes ("appellant") was found guilty of

possession of a firearm by a convicted violent felon, in violation of Code § 18.2-308.2(A).[1]  He

contends the court erred in denying his pretrial motion to suppress because the arresting officer

lacked reasonable suspicion to pat him down during a traffic stop.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The sentencing and conviction orders state that appellant was convicted of possession of a
firearm by a convicted violent felon, in violation of "Code [§] 18.2-308.0(A)."  From our review of
the record, we find the mistake in listing the statute was a clerical error, and we remand to the court
for the limited purpose of correcting the conviction and final orders to reflect the proper statute,
Code § 18.2-308.2(A).  See Code § 8.01-428(B) (governing correction of clerical errors by the trial
court).  See also Atkins v. Commonwealth, 68 Va. App. 1, 10 (2017) (finding an improperly listed
case number on a sentencing order to be a clerical error, and remanding solely to correct the error).

BACKGROUND

On July 19, 2018, at 12:39 a.m., Officer Logan Goff of the Newport News Police Department saw a Nissan sedan disregard a red light at the intersection of Wickham Avenue and 16th Street. Officer Goff recently had been assigned to patrol that area, which he described as a dimly lit "high crime, high drug area."

Officer Goff stopped the vehicle and discovered appellant in the front passenger seat. As he approached the car, the officer detected a faint odor of marijuana emanating from the driver's side. He also smelled a "masking agent," which he described at trial as a "fragrance [used] inside [a] vehicle to cover any potential smell of marijuana or other scent." Based on the circumstances of the traffic stop, he requested backup assistance.

Officer Kim responded to the scene. When he arrived, Officer Goff instructed both appellant and the driver to get out of the vehicle and told them he was going to pat them down for weapons. Officer Goff explained that after smelling the odor of marijuana, he suspected the presence of narcotics. He also was concerned that "one . . . or both" of the vehicle's occupants was armed because he knew from his "training and personal experience that firearms are commonly present where narcotics are present." Officer Goff testified that "three or four" times during the past year, he recovered weapons in cases involving simple possession of marijuana.

Officer Kim observed "a little bit of a disagreement" between appellant and Officer Goff because appellant "was not agreeable to getting a pat-down search." Appellant acquiesced, however, and when Officer Goff patted appellant's waist, he felt a "bulge" on the right side that he immediately recognized as the grip on a firearm. Officer Goff retrieved a loaded Hi-Point Magnum nine-millimeter handgun tucked inside appellant's waistband and concealed by a t-shirt. At that time, appellant admitted that he had marijuana in the left front pocket of his pants.

During the officer's subsequent search of the vehicle, he found a bag containing seven nine-millimeter cartridges on the passenger floorboard. Appellant acknowledged ownership of the bag and stated that he carried the gun "for personal safety because this is downtown and there are commonly shootings downtown." Appellant has a prior felony conviction for unlawful wounding.

At a pre-trial suppression motion, appellant challenged Officer Goff's seizure of the weapon pursuant to the pat-down search. After hearing evidence, the court denied the motion, finding "the link between illegal drugs and guns . . . persuasive." The court also noted the reduced lighting in the area, the multiple occupants of the vehicle, and the fact that the car was "a compact sedan [in a] restricted space."

## ANALYSIS

Appellant argues that the court erred by denying his motion to suppress because Officer Goff conducted a pat-down search without reasonable suspicion that he was armed and dangerous. He asserts that the "mere faint odor of marijuana along with a traffic stop in a high crime area at night" was insufficient to justify the pat down for weapons.

The Fourth Amendment of the United States Constitution protects individuals from "unreasonable searches and seizures." U.S. Const. amend. IV. The issue of whether "evidence was seized in violation of the Fourth Amendment presents a mixed question of law and fact that we review _de novo_ on appeal." McCain v. Commonwealth, 275 Va. 546, 551 (2008). "The burden is upon [the appellant] to show that th[e] ruling, when the evidence is considered most favorably to the Commonwealth, constituted reversible error." Andrews v. Commonwealth, 37 Va. App. 479, 488 (2002) (quoting McGee v. Commonwealth, 25 Va. App. 193, 197 (1997) (_en banc_)). "In making such a determination, we give deference to the factual findings of the circuit court, but we independently determine whether the manner in which the evidence was obtained meets the requirements of the Fourth Amendment." McCain, 275 Va. at 552. "[W]e are bound by the trial

court's findings of historical fact unless 'plainly wrong,' or without evidence to support them and we give due weight to the inferences drawn from those facts by resident judges and local law enforcement officers." McGee, 25 Va. App. at 198.

Officer Goff testified that he was concerned for his safety based on the location and circumstances of the traffic stop, particularly the scent of marijuana and the "masking agent." Appellant asserts that those factors were insufficient to justify the pat down.

Following a lawful traffic stop, "[a]n officer may conduct a pat-down search for weapons if the officer can point to specific and articulable facts which reasonably lead him to believe criminal activity may be afoot and the person subjected to the search may be armed and dangerous." Lowe v. Commonwealth, 33 Va. App. 656, 660-61 (2000). "In deciding whether to . . . effect a pat-down search, an officer is 'entitled to rely upon "the totality of the circumstances-the whole picture."'" Peguese v. Commonwealth, 19 Va. App. 349, 351 (1994) (*en banc*) (quoting Lansdown v. Commonwealth, 226 Va. 204, 212 (1983)). Relevant circumstances "include characteristics of the area surrounding the stop, the time of the stop, the specific conduct of the suspect individual, the character of the offense under suspicion, and the unique perspective of a police officer trained and experienced in the detection of crime." McCain, 275 Va. at 554.

In denying appellant's motion to suppress, the court adopted the reasoning of United States v. Sakyi, 160 F.3d 164, 169 (4th Cir. 1998), upholding a pat-down search of a passenger for officer safety reasons during a traffic stop where the officer had an articulable suspicion that there were drugs in the vehicle. We applied the rationale of Sakyi in Lowe. In Lowe, we reiterated that

> a reasonable, articulable suspicion of the presence of drugs gave rise to a concern for the presence of guns, which, "in the absence of factors allaying [the officer's] safety concerns," permitted the officer to "pat them down briefly for weapons to ensure the officer's safety and the safety of others."

33 Va. App. at 661-62 (alteration in original) (quoting Sakyi, 160 F.3d at 169).

Officer Goff testified that the traffic stop occurred late at night in an area with high criminal and drug activity that was dimly lit. The heightened level of criminal activity in the area was further established by appellant's admission that he carried the weapon for personal safety because they were "downtown and there are commonly shootings downtown."

Additionally, "suspicion of narcotics possession and distribution . . . gives rise to an inference of dangerousness." Williams v. Commonwealth, 4 Va. App. 53, 67 (1987). Appellant argues that the nexus between drugs and guns only arises in situations involving drug distribution, not merely drug possession. He contends that "simple possession of marijuana does not create reasonable suspicion that a person is armed and dangerous." However, a police officer forms reasonable suspicion from "the facts and circumstances . . . available to him at the moment of the stop, not discovered thereafter." Mason v. Commonwealth, 291 Va. 362, 368 (2016). The focus is the officer's "reasonable suspicion that the person subjected to the frisk is armed and dangerous." Commonwealth v. Smith, 281 Va. 582, 589 (2011) (quoting Arizona v. Johnson, 555 U.S. 323, 327 (2009)).

Officer Goff did not know the quantity of drugs in the vehicle prior to patting appellant down. He smelled the odor of marijuana and a "masking agent" when he approached the vehicle, which gave him probable cause to believe that the vehicle's occupants were engaged in drug activity. See Bunch v. Commonwealth, 51 Va. App. 491, 496 (2008) (finding the odor of marijuana emanating from a vehicle sufficient to justify a search). The traffic stop occurred in an area with dim lighting, and there were multiple vehicle occupants. Based on his experience finding guns with marijuana and the high level of criminal and drug activity in the area, we conclude that the objective facts and circumstances created a reasonable suspicion that appellant was armed and dangerous. See Lowe, 33 Va. App. at 662 (finding an officer had reasonable suspicion to frisk the defendant for weapons during an investigation for possession of marijuana based on the quantity of drugs found,

the defendant's bulky shirt, and the number of vehicle occupants).  Accordingly, we find that the

court did not err in denying appellant's motion to suppress evidence recovered as a result of the

pat-down search.  We affirm appellant's conviction for possession of a firearm as a convicted

violent felon and remand solely for correction of the clerical error in the conviction and final

sentencing orders.

Affirmed and remanded.
