COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Moon, Judge Baker and Senior Judge Cole
Argued at Richmond, Virginia


RONALD ERIC JAMES, A/K/A
 TIMOTHY JOHNSON
                                        OPINION
v.        Record No. 2367-94-2    BY JUDGE JOSEPH E. BAKER
                                     JULY 30, 1996
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                    Robert W. Duling, Judge

          Cullen D. Seltzer, Assistant Public Defender
          (David J. Johnson, Public Defender, on briefs),
          for appellant.

          Michael T. Judge, Assistant Attorney General
          (James S. Gilmore, III, Attorney General, on brief)
          for appellee.


     Ronald Eric James (appellant), also known as Timothy

Johnson, appeals from his bench trial conviction by the Circuit

Court of the City of Richmond (trial court) for possession of

cocaine in violation of Code § 18.2-250.  The sole issue

presented is whether the trial court erred in denying appellant's

motion to suppress evidence of the cocaine found on him during a

pat-down search.  Finding no error, we affirm the judgment of the

trial court.

     It is well established in Virginia that, on review of a

trial court's denial of a motion to suppress, the appellate

courts of this Commonwealth view the evidence in the light most

favorable to the trial court's determination.  E.g., Fore v.

Commonwealth, 220 Va. 1007, 1010, 265 S.E.2d 729, 731, cert.

denied, 449 U.S. 1017 (1980); Brown v. Commonwealth, 15 Va. App. 1, 7, 421 S.E.2d 877, 881 (1992). In light of Ornelas v. United States, 517 U.S. ___ (1996), it appears that in certain cases a deferential standard of review may no longer be appropriate. In Ornelas, Chief Justice Rehnquist wrote that henceforth, "as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal." Id. While generally calling for de novo review of reasonable suspicion and probable cause determinations, the Supreme Court "hasten[ed]" to add that a trial court's finding of "historical fact" should be reviewed only for "clear error" and noted that a reviewing court should "give due weight to inferences drawn from those [historical] facts by resident judges and local law enforcement officers." Id. Additionally, recognizing "that a police officer may draw inferences based on his own experience in deciding whether probable cause exists," id., the Supreme Court held that "[a]n appeals court should give due weight to a trial court's finding that [an] officer was credible and [his or her] inference was reasonable." Id.

The record discloses that on May 27, 1994, Detective James P. Foust (Foust) of the Richmond Police Department and a detective named Burke (Burke) were looking for Charles Smyrie (Smyrie) in order to execute a felony warrant. At approximately noon, Burke drove into and stopped in a parking lot. A blue "Chevy Blazer," driven by Smyrie, pulled up next to Burke's vehicle. Smyrie was

the "wanted person." Appellant was a passenger in the front seat of Smyrie's vehicle.

Burke asked Smyrie to get out of the car and began talking to him. Appellant addressed Burke, saying words to the effect of, "[W]hat's going on, why are you stopping, can I get out . . . ." Foust told appellant to "hold on a second," then asked to talk to him. Appellant began "making gestures" with his hands, leaning down to the right where Foust could see only one of his hands and asked, "[W]hat's wrong?" Foust told appellant to "remain quiet" and to put his hands on the dashboard. At first, appellant failed to respond to that request. Later, he placed his hands on the dashboard but left them there only for "a few seconds," then removed them.

Appellant persisted in wanting to leave the car, asking, "[H]ow come I can't get out?" Following that inquiry, Foust told appellant he could get out of the car. To assure his personal safety, Foust made a limited pat-down of appellant, during which he felt a hard object which he removed from appellant's front pocket. The object was a glass smoking device that contained cocaine residue.

Appellant was arrested and indicted for possession of cocaine. Appellant made a pretrial motion to suppress the evidence.

The trial court denied the motion to suppress, ruling that based upon "all the circumstances [confronting the officer]

presented to this Court," Foust's conduct, including the pat-down of appellant, was not unreasonable. The court also concluded that it was reasonable for Foust to remove the item from appellant's pocket "to determine whether it was something that could be used to cause harm to the officer or cause the officer concern for his safety."

The Fourth Amendment prohibits only unreasonable searches and seizures. E.g., Desist v. United States, 394 U.S. 244, 254 n.23 (1969); Warren v. Commonwealth, 214 Va. 600, 602, 202 S.E.2d 885, 887 (1974). It is not unreasonable for a police officer to conduct a limited pat-down search for weapons when the officer can point to "specific and articulable facts" "which reasonably lead[] him to conclude, in light of his experience, that 'criminal activity may be afoot' and that the suspect 'may be armed and presently dangerous.'" Lansdown v. Commonwealth, 226 Va. 204, 209, 308 S.E.2d 106, 110 (1983), cert. denied, 465 U.S. 1104 (1984) (quoting Terry v. Ohio, 392 U.S. 1, 30 (1968)). "Reasonableness is judged from the perspective of a reasonable officer on the scene allowing for the need of split-second decisions and without regard to the officer's intent or motivation." Scott v. Commonwealth, 20 Va. App. 725, 727, 460 S.E.2d 610, 612 (1995) (citing Graham v. Connor, 490 U.S. 386, 396-97 (1989)). An officer is entitled to view the circumstances confronting him in light of his training and experience, Terry, 392 U.S. at 27, and he may consider any suspicious conduct of the

suspected person.  Williams v. Commonwealth, 4 Va. App. 53, 67, 354 S.E.2d 79, 86-87 (1987).

Here, the officers were arresting the driver of the vehicle on a felony warrant.  Appellant, who was an occupant of the vehicle, was "somewhat jittery" when Foust asked him to keep his hands on the dash.  When appellant was unresponsive to Foust's request to keep his hands in Foust's view, Foust did not know whether appellant "was under the influence of anything" or whether he was trying to reach to get something.  Foust was concerned that appellant might be reaching for "a weapon or something like that in the car" and that appellant's hand movements were an attempt to divert his attention.  Appellant appeared nervous and Foust "didn't know whether . . . [appellant] had a weapon on him."  Because, under these circumstances, a reasonably prudent officer would be warranted in the belief that his safety or that of others was in danger, Foust was justified in conducting a pat-down of appellant.  See Taylor v. Commonwealth, 10 Va. App. 260, 391 S.E.2d 592 (1990).

To justify removal of an object from a person's clothing during a search for weapons, "the officer [must] reasonably believe [that] the object could be a weapon."  Lansdown, 226 Va. at 213, 308 S.E.2d at 112.  "[I]t makes no difference that the object removed . . . is not a weapon."  Id.  Here, the hard object Foust removed from appellant's pocket during the pat-down was about three inches long; Foust described it as being "about

as big as your finger."  It was not unreasonable for Foust to believe that this object could have been a weapon.  See id. (not unreasonable for officer to believe that rectangular box felt in shirt pocket could be a weapon); see also Williams, 4 Va. App. at 67, 354 S.E.2d at 87 (not unreasonable for officer to believe that hard bulge felt in pocket, which was in fact a wad of rolled up one hundred dollar bills, was a weapon).  Therefore, Foust acted properly in removing the object from appellant's pocket.

The facts reveal that appellant was not subjected to an unreasonable search and seizure.  Accordingly, the judgment of the trial court is affirmed.

Affirmed.