COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Willis and Bray
Argued at Norfolk, Virginia


RANDOLPH BEALE, JR., S/K/A
 RANDOLPH W. BEALE
                                    MEMORANDUM OPINION[*] BY
v.          Record No. 1412-96-1    JUDGE JERE M. H. WILLIS, JR.
                                         APRIL 1, 1997
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                 Kenneth N. Whitehurst, Jr., Judge

          Melinda R. Glaubke, Senior Assistant Public
          Defender (Office of the Public Defender, on
          brief), for appellant.

          Marla Graff Decker, Assistant Attorney
          General (James S. Gilmore, III, Attorney
          General, on brief), for appellee.


     Randolph Beale, Jr. was convicted by a jury of assault and

battery of a police officer and possession of cocaine.  On

appeal, he contends that the trial court erred in denying his

motion to suppress the evidence.  We find no error and affirm the

judgment of the trial court.

     In an appeal of a ruling on a motion to suppress, the

appellant has the burden to demonstrate that, viewing the

evidence in the light most favorable to the Commonwealth, the

trial court's decision constituted reversible error.  Fore v.

Commonwealth, 220 Va. 1007, 1010, 265 S.E.2d 729, 731 (1980).  As

a general matter, determinations of reasonable suspicion and

          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

probable cause are reviewed de novo; however, we review the trial court's findings of historical fact only for clear error, and impart due weight to inferences derived from those facts by resident judges and local law enforcement officials. James v. Commonwealth, 22 Va. App. 740, 743, 473 S.E.2d 90, 91 (1996) (citing Ornelas v. United States, 116 S. Ct. 1657 (1996)).

In the early morning hours of July 3, 1995, Officer Sean Coerse was dispatched in a marked police vehicle to investigate reports that a white male was attempting to buy drugs in the 700 block of 16th Street in Virginia Beach. When Coerse arrived, he observed Beale standing in the middle of the street, and leaning into the window of a stopped vehicle. The car drove away, and Beale walked off. Coerse stopped his police car near Beale and asked whether "he had a minute." Beale approached, leaned into the police car, and asked "what was up."

Coerse got out of his car, and told Beale that he was investigating suspected narcotics activity. Beale said that had "nothing to with him." Coerse asked Beale whether he had been arrested for any weapon or drug violations. Beale admitted having been arrested for cocaine possession. Coerse asked whether Beale had any weapons or drugs in his possession. Beale stated that he did not. Coerse asked Beale whether he had any identification. Beale replied that it was at home. During their conversation, Coerse noticed a large bulge in the left pocket of Beale's shorts.

Coerse then asked whether he could search Beale. Beale asked "why?" Coerse explained that he was conducting a narcotics investigation. Coerse asked again whether he could search Beale. Beale said: "Why, I'm not under arrest." Coerse agreed. Coerse again asked whether Beale had any identification. When Beale replied that he did not, Coerse asked whether he would permit a search. Beale replied "No, you can't search me."

Coerse testified that he then informed Beale that he was going to issue him a summons for "pedestrian in the roadway," a violation of Virginia Beach City Code § 21-462. Cf. Code § 46.2-928. Beale turned and began to walk away, but Coerse grabbed the back of his shorts. He told Beale that he intended to issue him a summons. Beale became "real nervous," and motioned to a nearby residence, indicating that his identification was there. Coerse replied that he did not need Beale's identification.

Beale placed his left hand into the pocket with the "bulge." Concerned that Beale was reaching for a weapon, Coerse requested that Beale remove his hand from his pocket. Coerse frisked Beale for weapons and "immediately recognized that [the bulge] wasn't a weapon," suspecting, instead, that it was crack cocaine in a plastic bag. When asked what was in his pocket, Beale said it was money, and pulled out a dollar bill.

Coerse then placed Beale inside the police vehicle. While he radioed for back-up, Coerse observed Beale take a quantity of

- 3 -

what he believed to be crack cocaine out of his pocket and place it into his sock.  Beale looked up and saw that Coerse was watching him.  Beale took the item out of the sock and brought it up to his mouth.  Coerse opened the car door and grabbed Beale's hand.  Beale and Coerse exchanged blows, and Beale fled.  Coerse and another officer apprehended him and searched him pursuant to that arrest.  The search revealed cocaine.  Coerse never issued Beale a summons for a pedestrian in the roadway violation.

While conceding that his encounter with Coerse was initially consensual, Beale argues that he was impermissibly seized when Coerse grabbed his shorts, and that the subsequent pat-down for weapons was unreasonable, requiring suppression of the evidence. We disagree.

A police officer is entitled to detain briefly an individual who has committed an offense, in order to obtain information required for the issuance of a summons.  See Code §§ 19.2-74, 46.2-936.  Coerse had probable cause to charge Beale with violating a city ordinance.  See Durant v. City of Suffolk, 4 Va. App. 445, 447, 358 S.E.2d 732, 733 (1987).  After informing Beale that he intended to issue him a summons, Coerse legally detained him.  Cf. Payne v. Commonwealth, 14 Va. App. 86, 414 S.E.2d 869 (1992).

The Fourth Amendment limits governmental action by guaranteeing all citizens the right to "be secure in their persons, houses, papers, and effects from unreasonable searches

and seizures . . . ." Terry v. Ohio, 392 U.S. 1, 8 (1968). "[E]vidence obtained in violation of constitutional proscriptions against unreasonable searches and seizures may not be used against an accused." Troncoso v. Commonwealth, 12 Va. App. 942, 944, 407 S.E.2d 349, 350 (1991). Assuming, without deciding, that the limited search of Beale for weapons was unreasonable, the poisonous tree bore no fruit. Because no inculpatory evidence was retrieved in the pat-down, no recourse may be had to suppress that which does not exist.

The cocaine seized in this case resulted from a lawful search incident to a valid arrest. See Poindexter v. Commonwealth, 16 Va. App. 730, 733-34, 432 S.E.2d 527, 529-30 (1993). Probable cause to arrest Beale arose from his production of apparent cocaine into plain view and his assault and battery on Officer Coerse. See Buck v. Commonwealth, 20 Va. App. 298, 303-04, 456 S.E.2d 534, 536-37 (1995).

Accordingly, the trial court correctly denied Beale's motion to suppress the evidence. The judgment of the trial court is affirmed.

Affirmed.