COURT OF APPEALS OF VIRGINIA


Present: Judges Bray, Frank and Senior Judge Baker
Argued at Norfolk, Virginia


LARRY RAGLAND BRIGGS

MEMORANDUM OPINION[*] BY
v.    Record No. 1920-98-2      JUDGE JOSEPH E. BAKER
                                SEPTEMBER 21, 1999
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Thomas N. Nance, Judge

Gregory W. Franklin, Assistant Public
Defender (David J. Johnson, Public Defender,
on brief), for appellant.

Leah A. Darron, Assistant Attorney General
(Mark L. Earley, Attorney General, on brief),
for appellee.


In this appeal by Larry Ragland Briggs (appellant) from his

bench trial conviction by the Circuit Court of the City of

Richmond (trial court) for possession of cocaine, the sole issue

presented is whether the trial court erred in denying appellant's

motion to suppress the evidence which appellant asserts was

unlawfully obtained as a result of the seizure and search of his

person. Finding no error, we affirm the judgment of the trial

court.

When a motion to suppress is reviewed on appeal, the burden

is on the appellant to show that the trial court's decision, when

* Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

the evidence is considered in the light most favorable to the prevailing party, constituted reversible error.  See Fore v. Commonwealth, 220 Va. 1007, 1010, 265 S.E.2d 729, 731, cert. denied, 449 U.S. 1017 (1980).  "We review the trial court's findings of historical fact only for 'clear error,' but we review de novo the trial court's application of defined legal standards, such as 'reasonable suspicion' and 'custodial interrogation,' to the particular facts of the case."  Ford v. Commonwealth, 28 Va. App. 249, 255, 503 S.E.2d 803, 805 (1998) (citing Ornelas v. United States, 517 U.S. 690, 700 (1996)).

As the parties are familiar with the record, we state only those facts necessary to an understanding of this opinion.  The record discloses that on March 5, 1998, at 3:15 a.m., appellant was brought before a magistrate on the charges for which he was convicted.  Sometime after midnight on that date, while in a patrol vehicle, Officers Small and Hurley of the Richmond Police Department observed a vehicle disregard a stop sign.  The officers activated their emergency equipment and signaled the vehicle to stop.  After traveling approximately one-half block, the pursued vehicle "squealed" to an abrupt stop.  Appellant, who was seated in the back seat of the car, immediately "jumped out of the vehicle and took off running," after which the pursued vehicle immediately "took off."

Small ran after appellant, stopped him about one-half block away, and "directed him towards the wall so he had no where to

-

run."  Small obtained appellant's consent[1] and, "as a safety precaution," patted appellant down for weapons.  When Small touched appellant's right front pants pocket, appellant "jerked away."  When Small attempted to complete the pat-down, and again touched appellant's right front pocket area, appellant once more "jerked away."  In an effort to determine the reason for appellant's action of preventing completion of the pat-down, Small then handcuffed appellant, reached into appellant's right front pocket and recovered a plastic bag containing cocaine and a four-inch metal rod which Small testified could be used as a weapon.

In his brief on appeal, appellant presents an argument not made to the trial court in support of his motion to suppress.  He now makes the additional assertion that Small "used excessive force in effecting the stop."  Because the sole issue upon which this appeal was granted is limited to whether the trial court

---

[1] The following was developed by cross-examination of Officer Small:

        Q.  . . . you asked [appellant] if you
            could pat him down and he said no,
            didn't he?

        A.  No, he did not say no.

         *      *      *      *      *      *      *

        Q.  You're saying he said yes to you patting
            him down while he is spread eagle
            against the wall?

        A.  Correct.

-

erroneously failed to grant appellant's motion to suppress, and the "excessive force" argument was not presented to the trial court at the suppression hearing, it will not be considered on appeal. See Rule 5A:18; Buck v. Commonwealth, 247 Va. 449, 452-53, 443 S.E.2d 414, 416 (1994).

The contention made at trial, and which we now consider, was whether there was an unlawful search and seizure without reasonable suspicion or probable cause.

"A police officer may stop and detain a person 'for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest.'" Ford, 28 Va. App. at 255, 503 S.E.2d at 805 (quoting Terry v. Ohio, 392 U.S. 1, 22 (1968)). "A general suspicion of some criminal activity is enough, as long as the officer can, based on the circumstances before him at the time, articulate a reasonable basis for his suspicion." Hatcher v. Commonwealth, 14 Va. App. 487, 490, 419 S.E.2d 256, 258 (1992). See Terry, 392 U.S. at 21. There is no bright line rule to follow when determining whether a reasonable and articulable suspicion exists to stop an individual. "[I]nstead the Court must look at the totality of the circumstances or the whole picture." Beckner v. Commonwealth, 15 Va. App. 533, 539, 425 S.E.2d 530, 534 (1993). In viewing "the whole picture," the Fourth Amendment requires not that such determinations always be correct, but that they always be reasonable. See Illinois v. Rodriguez, 479 U.S. 177, 185 (1990). Thus, it is not required that the articulated facts show

-

that criminal activity actually is afoot, only that it may be. See Richards v. Commonwealth, 8 Va. App. 612, 617, 383 S.E.2d 268, 271 (1989) (citing United States v. Sokolow, 490 U.S. 1, 7 (1989)).

"Once a police officer has properly detained a suspect for questioning, he may conduct a limited pat-down search for weapons if he reasonably believes that the suspect might be armed and dangerous." Williams v. Commonwealth, 4 Va. App. 53, 66, 354 S.E.2d 79, 86 (1987). To support the pat-down, the officer must be able to point to articulable facts from which he could reasonably infer that the defendant was armed and dangerous. See James v. Commonwealth, 22 Va. App. 740, 754, 473 S.E.2d 90, 92 (1996).

> "Among the circumstances to be considered in connection with this issue are the 'characteristics of the area' where the stop occurs, the time of the stop, whether late at night or not, as well as any suspicious conduct of the person accosted such as an obvious attempt to avoid officers or any nervous conduct on the discovery of their presence."

Williams, 4 Va. App. at 67, 354 S.E.2d at 86-87 (quoting United States v. Bull, 565 F.2d 869, 870-71 (4th Cir. 1977), cert. denied, 435 U.S. 946 (1978)).

After seeing the car in which appellant was riding commit a traffic offense, the officers activated their vehicle's emergency equipment to signal the offending car to stop. When that vehicle stopped abruptly, appellant fled from the vehicle,

-

as the car proceeded to drive quickly away.  Based on these circumstances, Small could reasonably infer that appellant may be engaged in criminal activity, thus justifying appellant's detention.

Small also reasonably believed that appellant might be armed and dangerous.  He obtained appellant's consent to conduct a pat-down search.  The encounter between Small and appellant occurred late at night, and immediately after appellant had suspiciously fled from a car the officers had attempted to stop.  At the time he apprehended appellant, Small was separated from Hurley by approximately one-half block.  He was, therefore, entitled to conduct a pat-down of appellant's outer clothing in the interest of officer safety.  Moreover, when appellant resisted attempts to merely pat the exterior of his right pants pocket, Small was justified in reaching into the pocket to ensure that appellant was not there hiding a weapon.  See State v. Kearney, 443 A.2d 214, 216 (N.J. Super. Ct. App. Div. 1981) (holding that a police officer properly reached into the defendant's pocket when the defendant repeatedly backed away and thwarted the officer's attempt to pat-down the defendant).

-

For the reasons stated, we find that no Fourth Amendment right of appellant was violated.  Accordingly, the judgment of the trial court is affirmed.

_Affirmed._
