COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Elder and Lemons
Argued at Chesapeake, Virginia


CARL MANN
                                    MEMORANDUM OPINION* BY
v.    Record No. 2897-98-1    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                      DECEMBER 28, 1999
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                      Walter J. Ford, Judge

            Wade A. Bowie (Joseph M. DuRant; Cumming,
            Hatchett & Jordan, on briefs), for appellant.

            Shelly R. James, Assistant Attorney General
            (Mark L. Earley, Attorney General, on brief),
            for appellee.


     Carl Mann (appellant) was convicted in a bench trial of

possession of cocaine, in violation of Code § 18.2-250.  The

trial court denied appellant's pretrial motion to suppress

evidence seized from the car in which he was a passenger and a

subsequent statement made to a police officer.  The sole issue

raised on appeal is whether the search of the front passenger

seat of the car exceeded the permissible scope of a Terry stop.

For the following reasons, we affirm.

_____

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

On appeal, the defendant bears the burden to establish that denying the motion to suppress was reversible error. See Reittenger v. Commonwealth, 29 Va. App. 724, 729, 514 S.E.2d 775, 777 (1999). Whether a seizure occurred and whether a frisk for weapons was constitutionally valid involve questions of law and fact which we review de novo on appeal. See McGee v. Commonwealth, 25 Va. App. 193, 197-98, 487 S.E.2d 259, 261 (1997) (en banc) (citing Ornelas v. United States, 517 U.S. 690, 699 (1996)). "In performing such analysis, we are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them. . . ." Id. (citing Ornelas, 517 U.S. at 699). We view the evidence in the light most favorable to the Commonwealth. See Reittenger, 29 Va. App. at 729, 514 S.E.2d at 777-78.

So viewed, the evidence established that on March 7, 1998, Officers Christopher McIntyre (McIntyre) and Traci Brylewski (Brylewski) were working a plain-clothes "interdiction" operation in the City of Hampton. McIntyre found crack cocaine on a suspect, who then escaped from the police and fled toward 8 North Hope Street.

Approximately five minutes later, McIntyre received a report that a suspect left 8 North Hope Street with another man and entered a 1985 Oldsmobile. McIntyre thought that one of these individuals may have been the suspect that fled from him.

McIntyre and Brylewski located the 1985 Oldsmobile, which was parked near a pawn shop.  McIntyre approached the car to see whether the passenger was the same man he had detained earlier and saw appellant sitting in the passenger side of the car and stuffing "something between the car seats."  Concerned that appellant might be concealing a weapon, McIntyre ordered appellant to show his hands.  Appellant complied, but then reached down and again made a stuffing motion into the seat "as if he was trying to conceal an item."

At that point, McIntyre ordered appellant from the car and handcuffed him to make sure that he could not get back into the car and retrieve a possible weapon.  As McIntyre was handcuffing appellant, he told Brylewski to search the car seat where he had seen appellant stuff the unknown item.  Brylewski reached into the seat and recovered a bag containing crack cocaine.  After being advised of his Miranda rights, appellant made an incriminating statement.

## II.

Appellant concedes that the initial seizure was reasonable and that Officer McIntyre "acted properly in removing [appellant] from the vehicle" to investigate whether he was the fleeing suspect and for reasons of officer safety.  He also agrees that the pat-down frisk for weapons was constitutionally permissible.  However, appellant argues that the search of the passenger seat exceeded the scope of Terry v. Ohio, 392 U.S. 1

- 3 -

(1968), because appellant was out of the car and handcuffed when Officer Brylewski conducted the search. Thus, the issue of officer safety was no longer present to justify the intrusion. We disagree.

This case is controlled by our decision in Glover v. Commonwealth, 3 Va. App. 152, 348 S.E.2d 434 (1986), where we rejected this same argument. There, the defendant argued "it was not reasonable for [the officer] to fear for his safety or for the safety of others, because [the defendant] was not in the car at the time and was effectively under police control at the time the search was conducted." Id. at 157, 348 S.E.2d at 438. However, we disagreed and relied upon the Supreme Court's decision in Michigan v. Long, 463 U.S. 1032 (1983), where the Court noted the following:

> Just as a Terry suspect on the street may, despite being under the brief control of a police officer, reach into his clothing and retrieve a weapon, so might a Terry suspect in [the defendant's] position break away from police control and retrieve a weapon from his automobile. . . . In any event, we stress that a Terry investigation, such as the one that occurred here, involves a police investigation "at close range," when the officer remains particularly vulnerable in part because a full custodial arrest has not been effected, and the officer must make a "quick decision as to how to protect himself and others from possible danger. . . ." In such circumstances, we have not required that officers adopt alternate means to ensure their safety to avoid the intrusion involved in Terry.

Long, 403 U.S. at 1051-52 (citations omitted).

- 4 -

The same rationale applied in Long and Glover applies in the instant case. Viewed in the light most favorable to the Commonwealth, appellant was in the process of being handcuffed when Brylewski searched the car seat and he could have broken away from McIntyre to retrieve a weapon. Contrary to appellant's argument that the concern of officer safety ceased after McIntyre conducted the pat-down frisk and found no weapons on appellant's person, the officers were justified in conducting a Terry search of the car seat before allowing appellant to re-enter the vehicle. "The law does not expect that a police officer must gamble on turning away from a possible danger and chance taking a bullet in the back . . . ." Lansdown v. Commonwealth, 226 Va. 204, 212, 308 S.E.2d 106, 111 (1983), cert. denied, 465 U.S. 1104 (1984).

The facts demonstrate that Officer McIntyre observed suspicious and furtive conduct, circumstances that prompted understandable concern for his security, and he acted reasonably and appropriately to minimize the threat. See, e.g., Welshman v. Commonwealth, 28 Va. App. 20, 32, 502 S.E.2d 122, 128 (1998) (en banc) (no Fourth Amendment violation where defendant's furtive actions cause the officer to believe he was armed and dangerous); James v. Commonwealth, 22 Va. App. 740, 745-46, 473 S.E.2d 90, 92 (1996) (officers justified in frisking a passenger who was jittery and failed to respond to officer's request to keep his hands in view). Because the officer had a reasonable

belief that appellant might have access to a weapon in the car, we hold that the search for a possible weapon between the seats was constitutionally permissible. Accordingly, the judgment of the trial court is affirmed.

<u>Affirmed.</u>