COURT OF APPEALS OF VIRGINIA


Present:  Judges Bumgardner, Felton and Senior Judge Overton
Argued at Chesapeake, Virginia


COMMONWEALTH OF VIRGINIA
                                      MEMORANDUM OPINION[*] BY
v.    Record No. 2501-02-4       JUDGE RUDOLPH BUMGARDNER, III
                                         MARCH 28, 2003
WILLIAM D. PRIESTER


            FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                  Richard J. Jamborsky, Judge Designate

            Richard B. Smith, Senior Assistant Attorney
            General (Jerry W. Kilgore, Attorney General,
            on briefs), for appellant.

            Donald M. Haddock, Jr. (Redmon, Peyton &
            Braswell, LLP, on brief), for appellee.


        William D. Priester was charged with possession of cocaine

with intent to distribute and possession of ecstasy with intent

to distribute.  The trial court granted his pre-trial motion to

suppress the drugs and his statements to police.  Concluding the

police had reasonable articulable suspicion to conduct an

investigative detention, we reverse the trial court's ruling.

        The Commonwealth must show that granting the motion to

suppress constituted reversible error when the evidence is

considered in the light most favorable to the defendant.  McGee

v. Commonwealth, 25 Va. App. 193, 197, 487 S.E.2d 259, 261

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

(1997) (en banc); Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991). "Ultimate questions of reasonable suspicion and probable cause to make a warrantless search" involve questions of both law and fact and are reviewed de novo on appeal. Ornelas v. United States, 517 U.S. 690, 699 (1996). "[W]e are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them[,] and we give due weight to the inferences drawn from those facts by resident judges and local law enforcement officers." McGee, 25 Va. App. at 198, 487 S.E.2d at 261.

Officers Trimber and Ritchie were working as street crimes police officers. Citizens had complained about drug activity in the area, and Officer Trimber had made drug arrests there. The officers were dressed in trousers and black T-shirts with a badge embroidered over the left breast pocket. The words "Police" and "Street Crimes Unit" encircled the badge, and the phrase "Alexandria Police Department" appeared on the back of the shirt. The officers wore duty belts, which held their firearms and badges.

At approximately 7:15 p.m., June 4, 2002, Officer Trimber observed the defendant lean for one or two seconds into the driver's window of a vehicle stopped at the dead end of a street. The officer did not see anything pass from hand to hand, but when the defendant looked at the officer, he walked into an alley leading from the street. As he did, the officer

noticed the defendant's hand was closed in a fist. He brought his fist to his mouth, extended his fingers, and appeared to empty whatever was in his hand into his mouth. The defendant then dropped his hand, which was then opened, to his side. Officer Trimber knew from experience that drug dealers conceal drugs in their mouths and swallow them if confronted by the police.

The officers drove into the alley, stopped close to the defendant, and exited their vehicle. The defendant stopped and turned. The officers did not draw weapons, but they were within one foot and two feet of the defendant when Officer Trimber asked, "Did you just swallow dope?" The defendant said no and opened his mouth. The officer saw nothing in the defendant's mouth. Officer Trimber then asked for identification. The defendant reached into his back pockets with both hands and pulled out plastic bags containing white substances from one of them. He immediately jammed the bags back into his pocket and fled. The officers pursued and apprehended the defendant because they believed the bags contained cocaine. They did not see the defendant drop anything as they chased him, but they retrieved plastic bags along the path he took.

In deciding whether a seizure occurred, we determine "whether, under a totality of circumstances, a reasonable person would have believed that he . . . was not free to leave." McGee, 25 Va. App. at 199-200, 487 S.E.2d at 262. See also

- 3 -

United States v. Mendenhall, 446 U.S. 544, 554 (1980).  Under the facts of this case, we conclude a seizure occurred.  The officers followed the defendant into an alley, exited their vehicle, and stood within two feet of the defendant when Officer Trimber asked, "Did you just swallow dope?"  The statement was an accusation that conveyed an explicit message that the police were investigating a crime being committed in their presence and compliance with their directives was required.  McGee, 25 Va. App. at 200, 487 S.E.2d at 262.

However, at the time the officers stopped the defendant they had reasonable suspicion to conduct an investigative detention.  Terry v. Ohio, 392 U.S. 1, 27 (1968).  To conduct such a stop an officer must have "a particularized and objective basis for suspecting" the defendant is engaged in criminal activity.  United States v. Cortez, 449 U.S. 411, 417-18 (1981); Bass v. Commonwealth, 259 Va. 470, 475, 525 S.E.2d 921, 923 (2000) ("a minimal level of objective justification" is required).

The officers observed the defendant in a high crime area leaning in the driver's window of a car stopped at the end of a dead-end street.  When the defendant saw the police, he walked off and into an alley.  As he walked away, he raised his fist to his mouth, and appeared to put something in his mouth.  The officers knew from experience those actions were consistent with sale and concealment of drugs.  Experience also indicated

- 4 -

dealers conceal drugs in their mouths and swallow the drugs if confronted by the police. "The officer is also entitled 'to view the circumstances confronting him in light of his training and experience, and he may consider any suspicious conduct of the suspected person.'" Andrews v. Commonwealth, 37 Va. App. 479, 491, 559 S.E.2d 401, 407 (2002) (quoting James v. Commonwealth, 22 Va. App. 740, 745, 473 S.E.2d 90, 92 (1996)). See Whitfield v. Commonwealth, ___ Va. ___, ___, ___ S.E.2d ___, ___ (Feb. 28, 2003).

When the defendant opened his mouth, the officer observed no drugs in it. Not having their original reasonable suspicion of criminal conduct allayed, the officers continued their investigative detention by requesting identification. "[T]he officer may ask the detainee a moderate number of questions to determine his identity and to try to obtain information confirming or dispelling the officer's suspicions." Berkemer v. McCarty, 468 U.S. 420, 439 (1984).

When the defendant reached in his pockets to retrieve identification, he pulled out plastic bags that the officers recognized as probable cocaine. The officers' reasonable suspicion had ripened into probable cause. The defendant's flight provided further evidence of wrongdoing. Illinois v. Wardlow, 528 U.S. 119, 124-25 (2000). The officers pursued and arrested the defendant armed with probable cause to arrest and

- 5 -

search incident to the arrest.  All the evidence they obtained from the defendant was lawfully obtained.

We conclude the officers had reasonable suspicion for the initial stop.  Their investigation developed probable cause before they obtained any of the evidence the defendant sought to suppress.  Accordingly, we reverse the decision to suppress and remand.

<u>Reversed and remanded.</u>