## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Kenneth C. Lim

December 22, 2004

Case No. (Criminal) K106740

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

This matter came before this Court on December 17, 2004, upon the defendant's motion to suppress. I find the facts to be as follows.

On April 14, 2004, at about 9:00 p.m., the defendant backed into a parking space behind the Polo Grille in Fairfax County. While the parking space was located behind the restaurant, it was still public parking. The parking lots in front of the Polo Grille were crowded on that particular evening. A second vehicle approached and parked next to defendant such that the drivers' side doors were adjacent to one another. The driver of the second vehicle then moved his car a few spaces over, exited his vehicle and got into the defendant's car on the passenger's side.

Detective Carroll of the Fairfax County Police Department observed the above actions and exited his cruiser. That evening, he was dressed in the traditional street crimes uniform which was black except for some markings on the clothing identifying him as a police officer. As the detective approached the defendant's vehicle, the defendant looked towards or at the officer, then reached down towards the floor of his car. The officer directed the defendant to roll down his window and then asked that the defendant step out of his vehicle.

The officer told the defendant that he suspected him of dealing drugs and conducted a pat down search of the defendant and requested his

operator's license. The pat down search revealed nothing. The officer subsequently looked into the defendant's vehicle and saw a rolled up dollar bill. He then asked for consent to search the vehicle which the defendant reluctantly gave. The search of the vehicle resulted in the seizure of contraband drugs.

## Seizure

It is clear that a seizure occurs when a reasonable person, under the circumstances, would have believed he was not free to leave. *United States v. Mendenhall*, 446 U.S. 544, 64 L. Ed. 2d 497, 100 S. Ct. 1870 (1980). Further, when the officer requested the defendant's license, the defendant's liberty was restricted, also constituting a seizure. *Brown v. Commonwealth*, 17 Va. App. 694, 440 S.E.2d 619 (1994). Perhaps most importantly, when the accused submits to a show of police authority, a seizure has occurred. *California v. Hodari D.*, 499 U.S. 621, 113 L. Ed. 2d 690, 111 S. Ct. 1547 (1991). Here, the defendant complied with officer's instructions to step out of the vehicle. Because I find that a seizure, as contemplated by the Fourth Amendment, occurred, the officer must have had reasonable articulable suspicion to pat the defendant down for weapons. I find that he did not observe behavior that would permit him to order the defendant out of his car and subsequently pat him down.

## Stop and Frisk

An analysis of a "Terry" type stop is two-fold. First, the officer must have reasonable articulable suspicion that criminal activity is afoot in order to temporarily detain the suspect. *Kidd v. Commonwealth*, 38 Va. App. 433, 443, 565 S.E.2d 337 (2002). Second, the officer must have reasonable articulable suspicion that the individual might be armed and dangerous, in addition to the suspicion of criminal behavior in order to conduct a pat down. *James v. Commonwealth*, 22 Va. App. 740, 745, 473 S.E.2d 90 (1996).

"To determine whether a police office has a particularized and objective basis for suspecting that the person stopped may be involved in criminal activity, a court must consider the totality of the circumstances." *Whitfield v. Commonwealth*, 265 Va. 358, 361, 576 S.E.2d 463 (2003). Some factors the Virginia Court of Appeals has considered relevant in this analysis are "characteristics of the area surrounding the stop, the time of the stop, the specific conduct of the suspect individual, the character of the

offense under the suspicion, and the unique perspective of a police officer.
. . ." *Christian v. Commonwealth*, 33 Va. App. 704, 714, 536 S.E.2d 477
(2000). Here, the police officer observed the defendant's vehicle legally
parked behind a restaurant during operating hours in an area not known
for drug activity (apart from drug deals arranged by undercover police
officers). The defendant was shortly joined by another individual. The
defendant reached towards the floor of his car when he saw the detective.
These facts, without more, do not constitute reasonable articulable
suspicion of criminal activity. Thus there was no justification for the
officer to order the defendant out of his vehicle.

Similarly, it was impermissible for the officer to conduct a pat down
search of the defendant. The circumstances recognized by Virginia courts
which should · be considered in determining whether a pat down is
permissible are akin to those enumerated previously: "the nature of the
area in which the stop occurred, the time of day, the conduct and
demeanor of the suspect, and the type of offense that the officer was
investigating." *Williams v. Commonwealth*, 4 Va. App. 53, 66-67, 354
S.E.2d 79 (1987). Again, the area in which the defendant was encountered
is not especially known for dangerous or drug-related activity. It was
approximately 9:00 at night, a time when the restaurant and stores in the
vicinity were still open to the public. Neither the defendant's actions nor
his demeanor would lead to the conclusion that he presented any danger to
the officer. While the officer may have suspected drug activity, he had no
facts to support his theory.

I therefore find that the stop and frisk of the defendant was in
violation of the Fourth Amendment.

*Consent*

The Commonwealth argued that the defendant's consent to the
search of his vehicle cures the illegal seizure. When consent is obtained
pursuant to an illegal search or seizure, it is the fruit of the poisonous tree
(*Walls v. Commonwealth*, 2 Va. App. 639, 651, 347 S.E.2d 175 (1986))
unless the Commonwealth can prove that the consent was "sufficiently an
act of free will to purge the primary taint of the illegal [seizure]." *Wong
Sun v. United States*, 371 U.S. 471, 9 L. Ed. 2d 441, 83 S. Ct. 407 (1963).
To determine whether the taint has been sufficiently purged, the Court
must consider "in addition to the voluntariness of the consent, the
temporal proximity and the presence of intervening circumstances
between the entry and the consent, [the defendant's] awareness of a right

to withhold consent, and the purpose . . . of the police misconduct." *Commonwealth v. Ealy*, 12 Va. App. 744, 755, 407 S.E.2d 681 (1991) (citing *Brown v. Illinois*, 422 U.S. 590, 603-04, 45 L. Ed. 2d 416, 95 S. Ct. 2254 (1975)).

In the case at bar, I find that the consent was not voluntarily given. The defendant had been removed from his vehicle and patted down. The search of the vehicle occurred immediately thereafter and there were no intervening circumstances between the search of the defendant and the search of his vehicle. There is no evidence that the defendant knew he had a right to withhold consent and the purpose of the officer's conduct was, presumably, to uncover drugs that, on a hunch, he believed were in the defendant's possession. For these reasons, I find that the defendant's consent was involuntary and did not cure the initial illegal search.

### Miranda

The defendant further argued in his motion to suppress that statements he made after his arrest were obtained in violation of *Miranda v. Arizona*, 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602 (1966). After the defendant invoked his right to counsel, the detective provided the defendant with his telephone number. The detective then told the defendant that, if, after consulting with an attorney, he wished to speak to the detective, he could call him. I find that this comment made by the detective was not designed to elicit a statement from the defendant in violation of *Rhode Island v. Innis*, 446 U.S. 291, 64 L. Ed. 2d 297, 100 S. Ct. 1682 (1980). There was, therefore, no violation of the defendant's *Miranda* rights.

For the aforementioned reasons, the defendant's motion to suppress is hereby granted.