COURT OF APPEALS OF VIRGINIA

Present:  Judges Frank, Petty and Senior Judge Willis
Argued at Chesapeake, Virginia


CHERYL ANN CHERESKO, A/K/A
  CHERYL ANN CULBRETH
                                              MEMORANDUM OPINION[*] BY
v.      Record No. 0852-06-1                   JUDGE WILLIAM G. PETTY
                                                 FEBRUARY 6, 2007
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
Timothy S. Fisher, Judge

        Tyrone C. Johnson for appellant.

        Rosemary V. Bourne, Assistant Attorney General (Robert F.
        McDonnell, Attorney General, on brief), for appellee.


        Following a bench trial, Cheryl Ann Cheresko was convicted of possession of cocaine in

violation of Code § 18.2-250.  She argues on appeal that the trial court erred when it denied her

motion to suppress.  For the reasons that follow, we disagree and affirm her conviction.

                                   I. BACKGROUND

        Under settled principles, we review the evidence in the "light most favorable" to the

Commonwealth.  Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003).  This

principle requires us to "discard the evidence of the accused in conflict with that of the

Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all

fair inferences to be drawn therefrom."  Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d

755, 759 (1980) (emphasis and citation omitted).  So viewed, the evidence establishes the following

facts.

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On August 28, 2004, Officer Connie Cassidy of the Newport News Police Department was conducting her regular patrol of the area near the intersection of Jefferson Avenue and Center Avenue in Newport News. Around 7:00 p.m., she noticed a car parked on private property behind a small business that was closed for the evening in an area isolated from the major roadway. Officer Cassidy testified that as part of her regular patrol of the area she "[went] back there sometimes to make sure nobody [was] there." Officer Cassidy testified that she had never seen a car there at that time of night. Officer Cassidy made eye contact with the occupants of the car, and noticed that the female passenger, who had been close to the driver's side of the car, "pulled very quickly back into the passenger seat" and began staring at Officer Cassidy. Officer Cassidy drove her patrol car out of sight of the car and parked on the other side of the business. Officer Cassidy did not block or otherwise obstruct the car at any time.

At the suppression hearing, Officer Cassidy identified the passenger of the car as Cheresko. When Officer Cassidy got out of her patrol car, she saw Cheresko walking towards her saying something she could not understand. Officer Cassidy could not see the car or the other occupant of the car at that time, and she asked Cheresko to step back to the car so she could speak with both of them. At that point, Officer Cassidy and Cheresko were about ten feet apart. Officer Cassidy and the passenger walked back toward the car, and Cheresko walked to the passenger side of the car and faced Officer Cassidy.

Officer Cassidy asked Cheresko for identification, and Cheresko "put her right hand behind her back, kind of towards her back pocket, left it there for a few minutes, and then she reached with both hands, it appeared to me, down the back of her shorts." Officer Cassidy stated that "[i]t looked to me like she was pushing down, didn't have anything in her hands beforehand." Officer Cassidy believed Cheresko was reaching for a weapon concealed in the back of her shorts. At that point, Officer Cassidy asked Cheresko "two or three times" to show Officer Cassidy her hands. When

- 2 -

Cheresko did not do so, Officer Cassidy "kind of spun her around" and put her hands on the hood of the car. Officer Cassidy "felt right on her shorts" where Cheresko had been placing her hands and felt a hard, cylindrical object in Cheresko's shorts, which she believed was a pocketknife.

Officer Cassidy reached down where she had felt the object and, for safety reasons, began to remove it. As Officer Cassidy pulled the object out of the back of Cheresko's shorts, she discovered it was wrapped in a paper towel which came apart, causing a crack pipe to fall to the ground.

The trial court denied the motion to suppress, finding Officer Cassidy's actions to be reasonable under the circumstances. The trial court then convicted Cheresko of cocaine possession. This appeal followed.

II. ANALYSIS

On appeal of the denial of a motion to suppress, it is appellant's burden to show that the denial constituted reversible error when the evidence is considered in the light most favorable to the Commonwealth. See McGee v. Commonwealth, 25 Va. App. 193, 197, 487 S.E.2d 259, 261 (1997) (*en banc*). "[W]e are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them." Id. at 198, 487 S.E.2d at 261. We review *de novo* the trial court's application of defined legal standards, such as whether a person has been seized in violation of the Fourth Amendment. See Ornelas v. United States, 517 U.S. 690, 699 (1996); Schneckloth v. Bustamonte, 412 U.S. 218, 226 (1973).

On brief, Cheresko argued that the trial court should have granted her motion to suppress because Officer Cassidy had no reasonable articulable suspicion of criminal activity to approach her and her companion in the parked car and because Officer Cassidy's belief that she was reaching for a weapon was objectively unreasonable. At oral argument, however, Cheresko conceded that her encounter with the police officer was consensual until Officer Cassidy

- 3 -

physically seized her and patted her down; thus, we only address the seizure and pat down in this opinion.

For the reasons stated below, we hold that this seizure did not offend the Fourth Amendment because Officer Cassidy had a reasonable, articulable suspicion that Cheresko was involved in criminal activity and was reaching for a weapon.

There is no question on this record that Cheresko was seized at the point when Officer Cassidy, fearing Cheresko had a concealed weapon, "spun her around" and placed her hands on the hood of the car. "[A] person is 'seized' only when, by means of physical force or a show of authority, [her] freedom of movement is restrained." United States v. Mendenhall, 446 U.S. 544, 553 (1980). However, it is equally clear on this record that Cheresko's Fourth Amendment rights were not violated by this seizure, since "[t]he Fourth Amendment prohibits only unreasonable searches and seizures." James v. Commonwealth, 22 Va. App. 740, 745, 473 S.E.2d 90, 92 (1996).

> It is not unreasonable for a police officer to conduct a limited pat-down search for weapons when the officer can point to "specific and articulable facts" "which reasonably lead[] [her] to conclude, in light of [her] experience, that 'criminal activity may be afoot' and that the suspect 'may be armed and presently dangerous.'"

Id. (quoting Landsdown v. Commonwealth, 226 Va. 204, 209, 308 S.E.2d 106, 110 (1983)). In that context, a police officer "need not be absolutely certain that the subject is armed." Landsdown, 226 Va. at 211, 308 S.E.2d at 111. Rather, the officer need only have a reasonable belief that the subject might be armed in order to conduct a limited search for weapons. See Simmons v. Commonwealth, 217 Va. 552, 231 S.E.2d 218 (1977). "Reasonableness is judged from the perspective of a reasonable officer on the scene allowing for the need of split-second decisions and without regard to the officer's intent or motivation." Scott v. Commonwealth, 20

- 4 -

Va. App. 725, 727, 460 S.E.2d 610, 612 (1995) (citing Graham v. Connor, 490 U.S. 386, 396-97 (1989)).

The facts that led Officer Cassidy to conclude that Cheresko might have been involved in criminal activity include the car's presence in a private parking lot after hours, the suspicious movements of the car's occupants, Cheresko facing Officer Cassidy with her hands behind her back and moving her hands inside the back of her shorts in a manner Officer Cassidy believed to be consistent with drawing a weapon, and, most significantly, her refusal to show Officer Cassidy her hands after being asked to do so "two or three times." See Welshman v. Commonwealth, 28 Va. App. 20, 34, 502 S.E.2d 122, 129 (1998) ("The refusal of a person detained to show [her] hands may provide . . . a basis" for an officer to reasonably believe the person might be armed and dangerous. (citing James, 22 Va. App. at 745-46, 473 S.E.2d at 92)). Moreover, Cheresko's companion was still in the parked car at that time, giving Officer Cassidy, who was outnumbered, even more cause to be on alert. Given these circumstances, it was reasonable for Officer Cassidy to take the precaution of seizing Cheresko and patting her down at that time.

Further, Officer Cassidy was justified in removing the item from Cheresko's shorts. When a "police officer feels an object that he reasonably believes could be a dangerous weapon, the officer may seize the object from the subject's person." Phillips v. Commonwealth, 17 Va. App. 27, 30, 434 S.E.2d 918, 920 (1993). Officer Cassidy described the object in Cheresko's shorts as hard and cylindrical, and stated that it felt like a "hard pocketknife." The crack pipe was not admitted into evidence, nor is there any other description of the pipe in the record from which this Court could conclude that Officer Cassidy's belief was unreasonable. Thus, since we cannot say as a matter of law that Officer Cassidy could not have believed that

the crack pipe stuffed down Cheresko's shorts was a hard pocketknife or some other weapon, we affirm the judgment of the trial court.

### III.  CONCLUSION

The trial court did not err in denying the motion to suppress.  Accordingly, we affirm its judgment.

<u>Affirmed.</u>