COURT OF APPEALS OF VIRGINIA

Present:   Judges Elder, Frank and Clements
Argued at Richmond, Virginia


ANTONIO M. LIGHTFOOT

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1600-07-1            JUDGE ROBERT P. FRANK
                                                         OCTOBER 14, 2008

COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                          Dean W. Sword, Jr., Judge

          Joseph A. Sadighian, Senior Assistant Appellate Defender (Office of
          the Appellate Defender, on briefs), for appellant.

          Kathleen B. Martin, Senior Assistant Attorney General (Robert F.
          McDonnell, Attorney General, on brief), for appellee.


        Antonio M. Lightfoot, appellant, was convicted in a bench trial of possession of cocaine in

violation of Code § 18.2-250.  On appeal he contends the trial court erred in denying his motion to

suppress, as the police did not have reasonable suspicion to detain him, pat him down, or search

him.  For the reasons that follow, we reverse and remand.

                                         BACKGROUND

        On December 16, 2006 at 10:26 p.m., Portsmouth Police Officers Hawes and Hall were

making rounds in a marked police vehicle when they encountered appellant.  Appellant was

facing a tall window on the corner of a closed and unlit church building, with his hands placed

above his head and against the window.  Neither officer saw any objects in appellant's hands,

however, Officer Hawes testified that it appeared to him that appellant was "tampering" with the

window.  After noticing appellant, the officers made a U-turn with the intent of approaching

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

appellant. At this time, appellant walked towards a vehicle that had stopped in the street and entered on the passenger's side. The vehicle was stopped for approximately fifteen seconds in a travel lane. The officers followed the car, and then stopped the vehicle because it had stopped in a travel lane.

After stopping the vehicle, Officer Hawes approached the driver, while Officer Hall approached appellant. Appellant was attempting to exit the vehicle, with the door open and one foot on the ground, when Officer Hall ordered appellant to get back into the vehicle. At this time appellant was agitated and said "Why the f[. . .] are y'all stopping me? Y'all always f[. . .]ing with me." Officer Hall observed appellant moving his hands "fast" and putting them in his pockets. Based on appellant's hand movement and verbal abuse, Officer Hall removed appellant from the vehicle to conduct a pat down for Officer Hall's safety. At no point during the interaction did it appear to Officer Hall that appellant was trying to "conceal items in his pockets," nor did appellant at any point threaten the officers physically or verbally.

During the pat down, Officer Hall felt a "piece of paper or something soft with a hard object inside of it" within appellant's front left pocket. When asked about this object, appellant claimed it was a "piece of paper with numbers on it," and consented to Officer Hall's request to "see it." Officer Hall then removed the object from appellant's pocket and handed it to Officer Hawes for inspection. Officer Hawes opened the soft paper towel covering the object, and discovered a "glass cocaine smoking device."

Appellant filed a motion to suppress the evidence of the smoking device on the ground that the evidence was the result of an illegal search and seizure. The trial court denied the motion, finding that the police had reasonable suspicion to seize the appellant, to conduct a pat down, and that appellant consented to the search of the contents of his pocket.

This appeal follows.

ANALYSIS

Standard of Review

"On appeal from a denial of a suppression motion, we must review the evidence in the

light most favorable to the Commonwealth, giving it the benefit of any reasonable inferences."

Slayton v. Commonwealth, 41 Va. App. 101, 103, 582 S.E.2d 448, 449 (2003).

> An appellant's claim that evidence was seized in violation
> of the Fourth Amendment "presents a mixed question of law and
> fact that we review *de novo* on appeal.  In making such a
> determination, we give deference to the factual findings of the trial
> court and independently determine whether the manner in which
> the evidence was obtained [violated] the Fourth Amendment."

Wilson v. Commonwealth, 45 Va. App. 193, 202-03, 609 S.E.2d 612, 616 (2005) (alteration in

original) (quoting Murphy v. Commonwealth, 264 Va. 568, 573, 570 S.E.2d 836, 838 (2002)).

Traffic Stop of the Vehicle

Appellant first argues that the police did not have reasonable articulable suspicion to stop

the vehicle in which he was a passenger.  In particular, appellant contends that the officers did

not have a reasonable suspicion that appellant was engaged in criminal wrongdoing.  The

Commonwealth responds that an officer may effect a traffic stop when he reasonably believes a

traffic violation has occurred.  The Commonwealth reasons that in this case the officers believed

the vehicle was impeding traffic, and therefore they were authorized to stop the vehicle and

detain the occupants without contravening the Fourth Amendment.  We agree with the

Commonwealth.

In order to detain a vehicle on a traffic violation, the police must have "reasonable

suspicion to believe a traffic or equipment violation has occurred."  McCain v. Commonwealth,

275 Va. 546, 553, 659 S.E.2d 512, 516 (2008) (citing Bass v. Commonwealth, 259 Va. 470, 525

S.E.2d 921 (2000)).  As the Virginia Supreme Court recognized in McCain, the police can detain

a suspect without any reasonable suspicion of criminal activity, so long as the police possess the

required reasonable suspicion that a traffic violation has occurred. Id. at 553, 659 S.E.2d at 516. Additionally, during the traffic stop, officers may detain passengers of a vehicle throughout the course of the traffic investigation. Id. at 553, 659 S.E.2d at 516.

Except in cases of emergency, Code § 46.2-888 prohibits stopping on a highway in a "manner as to impede or render dangerous the use of the highway by others." Here, police detained the vehicle because the driver "stopped in the middle of the travel lane" for fifteen seconds. Although the officers did not notice any other moving vehicles on the street at the time, the street where the vehicle containing appellant had stopped was in an urban area where it is likely that the temporary stop of the vehicle would have proved a hazard for any oncoming traffic.[1]

The facts presented in this record provided the officers with a reasonable suspicion that the vehicle was either impeding traffic in the travel lane or rendering the use of the highway dangerous to others. Once the traffic stop was executed, the officer did not need any additional cause to detain appellant or remove him from the vehicle. As stated, for safety reasons, police can detain and order passengers to step out of the car during a traffic stop without additional cause. Maryland v. Wilson, 519 U.S. 408, 414-15 (1997); McCain, 275 Va. at 553, 659 S.E.2d at 516. Thus, the initial stop of the vehicle and detention of appellant did not violate appellant's Fourth Amendment rights and the trial court properly denied appellant's motion to suppress on this ground.

---

[1] We do not determine whether the evidence proves beyond a reasonable doubt that the vehicle was in violation of Code § 46.2-888. In order to investigate, the officers need only have reasonable suspicion to believe a traffic violation has occurred. McCain, 275 Va. at 553, 659 S.E.2d at 516.

Appellant next argues that the trial court erred in denying his motion to suppress because the officers patted him down with no reason to believe he was engaged in criminal activity or that he was armed and presently dangerous. We agree with appellant that the officers had no reasonable belief that appellant was armed and presently dangerous.

Once an officer lawfully stops a vehicle, he may not automatically search a driver or passenger for weapons, but may do so only if he develops reasonable suspicion during the stop to believe the particular person to be frisked is armed and dangerous. Knowles v. Iowa, 525 U.S. 113, 117-18 (1998). "'Because a frisk or "pat-down" is substantially more intrusive than an order to exit a vehicle, . . . an officer must have justification for a frisk or a "pat-down" beyond the mere justification for the traffic stop."' McCain, 275 Va. at 554, 659 S.E.2d at 517 (quoting United States v. Sakyi, 160 F.3d 164, 169 (4th Cir. 1998)).

A pat down or frisk may be conducted "where a police officer observes unusual conduct which leads him reasonably to conclude in light of his experience that criminal activity may be afoot and that the persons with whom he is dealing may be armed and presently dangerous." Terry v. Ohio, 392 U.S. 1, 30 (1968). It is not an unreasonable search to frisk a suspect where the police officer has "'specific and articulable facts'" that the individual to be frisked is armed and dangerous and criminal activity may be afoot. James v. Commonwealth, 22 Va. App. 740, 745, 473 S.E.2d 90, 92 (1996) (quoting Lansdown v. Commonwealth, 226 Va. 204, 209, 308 S.E.2d 106, 110 (1983)). In making this determination, an "officer must be able to articulate more than an 'inchoate and unparticularized suspicion or "hunch"' of criminal activity." Illinois v. Wardlow, 528 U.S. 119, 123-24 (2000) (quoting Terry, 392 U.S. at 27). Circumstances relevant to this analysis include: "characteristics of the area surrounding the stop, the time of the

---

[2] Terry v. Ohio, 392 U.S. 1 (1968).

stop, the specific conduct of the suspect individual, the character of the offense under suspicion, and the unique perspective of a police officer trained and experienced in the detection of crime." McCain, 275 Va. at 554, 659 S.E.2d at 517.

Clearly, police had reason to believe criminal activity was afoot. Appellant was seen facing a window of a closed church building at 10:26 p.m. The officers testified that they believed appellant was "tampering" with the window. The officers noted several "specific and articulable" facts supporting their suspicion that criminal activity was afoot, including: the late hour, the fact that the church building was closed, the position of appellant's hands on the window, appellant's quick retreat when he noticed the marked police vehicle, and appellant's highly agitated state at being stopped by police. Considering these factors in light of the officers' experience, it was reasonable for the officers to conclude that appellant was engaging in criminal activity at the time they frisked him for weapons. Although the officers never directly articulated a specific crime they suspected appellant was committing at the time, it is clear from both officers' statements that they possessed sufficient facts to support a reasonable belief that appellant was acting criminally.

While the officers reasonably believed appellant was engaged in criminal activity, we find that the record does not support the belief that appellant was armed and dangerous. The record reflects that the primary source of the officers' suspicion that appellant was armed and dangerous was appellant's rapid arm movement and hostile verbal language during the traffic stop of the car. Officer Hawes described appellant's arm movement as "furtive," and Officer Hall testified that appellant was moving his hands into his pockets. Neither officer, however, noticed appellant grab, remove, or conceal anything. Officer Hall, who performed the search, testified that despite appellant's agitation, appellant never made any threats against the officers.

Furthermore, the officers were investigating appellant for suspected criminal activity that does not require weapons.

In Asble v. Commonwealth, 50 Va. App. 643, 653 S.E.2d 285 (2007), this Court determined that movement alone, without other indicators supporting the finding that an individual was armed and dangerous, was not enough to generate the requisite reasonable suspicion for a weapons pat down. 50 Va. App. at 649, 653 S.E.2d at 288. Likewise, in Roulhac v. Commonwealth, 50 Va. App. 8, 646 S.E.2d 4 (2007), this Court held that the action of placing hands within pockets while talking to a police officer is not enough to create a reasonable suspicion that an individual is armed and dangerous without other factors present to support that conclusion. 50 Va. App. at 17-18, 646 S.E.2d at 8-9. Much like Roulhac, the officers here failed to instruct appellant to remove his hands from his pockets, place them on the dashboard, or engage in any less intrusive means of ensuring safety. Id. at 19, 646 S.E.2d at 9. The officers neither articulated other factors aside from the movement and language of appellant that indicated he was armed and dangerous, nor identified any reason why less intrusive measures could not have been used to ensure safety. Under the particular facts in this record, we conclude that appellant's hand movement and verbal agitation alone did not provide enough cause for the officers to reasonably conclude that appellant was armed and dangerous.

Thus, we find that the frisk of appellant for weapons was not supported by a reasonable belief he was armed and presently dangerous. See id. at 19, 646 S.E.2d at 10 ("Without consent or reasonable suspicion that appellant was armed, [the officer] had no lawful authority to grab appellant and to pat him down for weapons.").

The Commonwealth argues that appellant consented to the search that led to the discovery of the pipe in his pocket. Thus, reasons the Commonwealth, the evidence was admissible against him at trial. However, the admissibility of the evidence obtained in violation

of the Fourth Amendment depends on if the connection between the primary illegality of the police and the evidence obtained had "become so attenuated as to dissipate the taint." Wong Sun v. United States, 371 U.S. 471, 491 (1963).

Here, appellant's consent was made immediately following the illegal pat down, and no intervening factors existed. See Walls v. Commonwealth, 2 Va. App. 639, 652, 347 S.E.2d 175, 183 (1986) ("Under these circumstances, the consent itself was a fruit of the poisonous tree unless the Commonwealth can show that it was obtained through an independent act of free will."). We find that appellant's consent not only fails to meet the standard of an independent act of free will, but is the causal result of the illegal pat down itself. To that end, we hold that the evidence recovered as a result of that illegal search was not admissible at trial. Wong Sun, 371 U.S. at 485-88.

## CONCLUSION

For the foregoing reasons, we find that the trial court erred in denying appellant's motion to suppress. Accordingly, we reverse the trial court and remand for further proceedings if the Commonwealth be so advised.

Reversed and remanded.